Argued and submitted June 29, 1990, judgment vacated; remanded for reconsideration of diversion under ORS 813.220; if, on reconsideration, trial court denies petition, it shall reinstate judgment February 13, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## BLAZE RUDOLPH MANFREDONIA,
*Appellant.*

(T45826A; CA A61935)

805 P2d 738

Samuel I. Hochberg, Portland, argued the cause for appellant.

Vera Langer, Assistant Attorney General, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Defendant appeals his conviction for the traffic crime of driving under the influence of intoxicants (DUII), ORS 813.010, assigning error to the trial court's denial of his petition for diversion. ORS 813.210. We vacate the judgment and remand for reconsideration of the petition.

On April 22, 1989, defendant was arrested for DUII. He attempted to file a petition for diversion on May 12, 1989. The court clerk advised him that the district attorney would object to the granting of his petition and that he should, instead, schedule a contested hearing. Defendant did not file his petition at that time.

A diversion hearing was held on June 12, 1989, after defendant had obtained counsel and before the petition had been filed. The district attorney objected to the petition, not because defendant had failed to file it, but because he had a prior DUII conviction. The state produced the citation from a May 20, 1980, conviction as evidence that defendant was not eligible for diversion.[1] The abstract of record on the back of the citation contains a space for the name of defendant's attorney; no name appears. There is no explanation of why an attorney, if defendant had one, was not named. Defendant refused to testify, claiming that he did not have the burden of going forward on the representation issue. The judge held that, without defendant's testimony that he had not been represented by counsel in the earlier proceeding, the record established a DUII conviction within the preceding 10 years, making defendant ineligible for diversion as a matter of law.

By August 8, 1989, the date of the stipulated facts DUII trial,[2] a petition for diversion had been filed, and it was presented to the court. With the petition, defendant submitted an affidavit in which he swore that he had not, within the last ten years, been "constitutionally" convicted of DUII. Defendant argued that the judge should reconsider his petition; the court did so. However, the citation relating to the

_____

[1] A petitioner is eligible for diversion if

"(1) * * * within 10 years before the date of the commission of the present offense the defendant has not been convicted of or forfeited bail or security for such offense[.]" ORS 813.215(1).

[2] The parties stipulated to the facts in the police report.

1980 conviction was not produced by either party. Defendant testified, limiting his testimony to the filing of the petition for diversion and the problem that he had had with the clerk. On cross-examination, the state asked him whether he had been aware of his 1980 conviction when he requested diversion. An objection to the question as beyond the scope of the direct examination was sustained. The judge also said that the state could call defendant as a hostile witness and question him directly. On re-direct, defendant testified that he had seen the 1980 citation at the June 12 hearing, had reviewed it and had noticed on the back of it a blank space for an attorney's name. The state did not cross-examine defendant about that and did not call him as a witness. The court denied diversion because of the 1980 conviction, and he was convicted.[3]

Defendant argues that the court erred in denying his petition, because the 1980 conviction violated his Sixth Amendment right to counsel. Because the previous conviction was unconstitutional, he claims, it cannot be used to deny diversion now. *City of Pendleton v. Standerfer,* 297 Or 725, 688 P2d 68 (1984).[4]

■■■■ On the trial court record on reconsideration, sparse as it is, there is an inference from the existence of a blank for the name of defendant's lawyer and from the absence of any evidence to the contrary that defendant was not represented by counsel in 1980. *State v. Grenvick,* 291 Or 99, 102, 628 P2d 1195 (1981). The state made no effort to rebut that inference, although it could have, but did not, question defendant about his representation or lack of it. The burden was then on the state to show that defendant had waived his right to counsel. A valid waiver cannot be presumed from a silent record. *State v. Grenvick, supra,* 291 Or at 102. In the absence of any evidence that defendant waived his right to counsel, the 1980 DUII conviction cannot be used to deny diversion. *State v. Winkler,* 80 Or App 455, 456, 722 P2d 59 (1986). Because the trial court denied the petition solely on the basis of the prior conviction, the question remains whether the court, in the exercise of its discretion under ORS 813.220, will allow diversion.

---

[3] Defendant waived his right to a jury trial.

[4] *Standerfer* permits a collateral attack on a prior conviction if the earlier conviction affects eligibility for diversion.

Judgment vacated; remanded for reconsideration of diversion under ORS 813.220; if, on reconsideration, the trial court denies the petition, it shall reinstate the judgment.