Argued and submitted July 24, 1991, convictions affirmed; conditions of probation other than money judgment vacated; sentence on theft II conviction vacated and remanded for resentencing on that conviction January 8, reconsideration denied February 19, petition for review denied April 28, 1992 (313 Or 211)

# STATE OF OREGON,
*Respondent,*

*v.*

# RONALD M. HOLLIDAY,
*Appellant.*

(89CR2847; CA A64009)

824 P2d 1148

Jesse Wm. Barton, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Klapstein, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant appeals his convictions and sentences for the crimes of being an ex-convict in possession of a firearm, ORS 166.270, and theft by receiving. ORS 164.055.

■ The trial court denied defendant's motion *in limine* to exclude all references to his 1976 conviction for sodomy. He argues that the denial was error, because the state failed to prove that his guilty plea on that charge was counseled. A defendant who challenges the constitutionality of a prior conviction on that ground bears the burden of demonstrating *prima facie* that the conviction was uncounseled. If that is done, the burden is then on the state to demonstrate either that the defendant was, in fact, represented or that he had waived counsel. *State v. Annino*, 46 Or App 743, 613 P2d 84, *rev den* 289 Or 588 (1980).

■ Both parties rely on public records produced by the state but received as defendant's exhibit.[1] The records include a District Court arraignment order, filed February 23, 1976. The order has no case number, charges defendant with sodomy and recites that the court advised him of his right to counsel and that he requested counsel. A second document, also filed February 23, is entitled "Financial Statement and Order—APPOINTMENT OF COUNSEL." It has two District Court numbers and recites that, "[p]ursuant to ORS 133.625 and 135.320, McLain, Michael is appointed to represent said defendant in all proceedings arising out of the above charge unless otherwise relieved by this Court." A third document, dated February 26 and having only one case number, is a Circuit Court indictment charging defendant with committing sodomy in the second degree on January 11, 1976. The exhibit also includes an "ENTRY OF PLEA, SENTENCE AND JUDGMENT ORDER," filed May 25, 1976.[2]

Defendant argues that, because the judgment is silent as to whether he was represented by counsel, the

---

[1] Defendant waived any objection to the lack of certification or supporting affidavits for the records by offering them as his exhibit.

[2] The state also relies on defendant's admission, on cross-examination, that he had been convicted of sodomy II and that the original charge was for sodomy I. However, that evidence was not before the court at the hearing on defendant's motion.

necessary inference is that he was not. He relies on *State v. Manfredonia*, 105 Or App 537, 805 P2d 738 (1991), a DUII case, in which we held that the citation in the trial court record that had no attorney's name in the space provided for it created an inference that the defendant was not represented by counsel during a previous DUII case.

This is not a situation in which the sole evidence pertaining to defendant's conviction is a "silent record." *See State v. Grenvik*, 291 Or 99, 628 P2d 1195 (1981). There is more than one document. When considered together, they support the trial court's implicit finding that defendant's 1976 guilty plea was not uncounseled. The timing of the series of court proceedings is consistent with the processing of a single offense that occurred in January, 1976, for which defendant was arraigned in February and then indicted within the five-day period before a preliminary hearing would have been required under ORS 135.070. Counsel was appointed on the day of arraignment. Under the applicable statutes, whose pertinent provisions have not been changed, that appointment would have continued until the conclusion of the case. *See* ORS 135.045; ORS 135.050(5). The judgment, although it does not recite that defendant was represented, is consistent with his having been represented, including the recitation that "unsworn statements were made *on behalf*" of defendant. (Emphasis supplied.) Defendant offered no other evidence to show that the plea was constitutionally defective. *See State v. Fritz*, 85 Or App 1, 735 P2d 1228, *rev den* 303 Or 700 (1987). The trial court did not err in denying the motion.

■ On the same basis, defendant also challenges consideration of the sodomy conviction in determining his sentence under the sentencing guidelines. ORS 137.010; OAR 253-04-001. We have rejected defendant's argument about use of the conviction at trial and address this contention in regard to his sentence only to clarify the scope of our review.[3]

---

[3] Although defendant had the initial burden to show that the conviction was uncounseled in his challenge to its use for impeachment purposes, ORS 138.079(4)(c) requires the state to prove, by a preponderance of the evidence, any disputed part of the criminal history that it would use to determine a sentence.

The state contends that we cannot review defendant's arguments under ORS 137.079(4)(f), which provides:

"Except as provided in ORS 138.222, the court's decision on issues relating to a defendant's criminal history shall not be reviewable on appeal."

ORS 137.222(4)(b) allows review of the "classification" of a prior conviction, *see State v. Munro*, 109 Or App 188, 818 P2d 971 (1991), but defendant's challenge is not to the classification of the sodomy conviction. A comment on the statute by the Criminal Justice Council would appear to exclude review of the claimed error:

"[ORS 137.079(4)(f)] limits appellate review of the court's criminal history determination to an appeal based on a claim that the court 'erred * * * in determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes.' [ORS 137.222(4)(b).]

"This limitation on appellate review precludes a challenge to the court's determination as to what prior convictions and juvenile adjudications are included in the offender's criminal history. It does not, however, prohibit either party from challenging the court's classification of a prior conviction." Commentary, *Oregon Sentencing Guidelines Implementation Manual* 80 (1989).

The commentary is not controlling, *State v. Moeller,* 105 Or App 434, 440 n 4, 806 P2d 130, *rev dismissed* 312 Or 76, 815 P2d 701 (1991), and, as defendant notes, the quoted part of the commentary does not address ORS 138.222(4)(a), which allows review of a sentence on a claim that the sentencing court failed to "comply with the requirements of law" in imposing the sentence. That would have to include a claim that a constitutionally void conviction was considered in proving criminal history.

If the sentencing court had concluded that defendant's conviction was uncounseled, but had nonetheless included it in the criminal history, we would review that determination under the authority of ORS 138.222(4)(a). *See State v. Cook*, 108 Or App 576, 816 P2d 697 (1991). That is not, however, the argument that defendant makes. He seeks review of the *finding* by the sentencing court that his conviction was counseled. That is a decision on an issue "relating to

a defendant's criminal history" that is not subject to review under ORS 138.079(4)(f).

■     Defendant next assigns error to the imposition of 90 days of incarceration as part of his probationary sentence on the theft conviction.[4] The state first argues that defendant failed to preserve this claim of error. Defendant contends that he was not required to object at trial in order to raise the issue of authority to impose the 90-day term of incarceration. That is correct. *See State v. Marsh*, 78 Or App 290, 716 P2d 261, *rev den* 301 Or 320 (1986).[5]

■     The presumptive sentence on defendant's theft conviction permits 90 custody units,[6] 30 of which may be imposed as a jail term. OAR 253-05-007(1)(2); OAR 253-05-013(1). The court has the authority to impose all 90 units as a jail term

> "if the sentencing judge, after consulting with the appropriate supervisory authority, finds on the record that local jail space provided by the county is available for a longer term. Upon making such a finding, the sentencing judge may, without departure, use up to the maximum number of custody units included in the presumptive sentence to impose a jail term as part of a probationary sentence." OAR 253-05-013(3).

Defendant argues that the sentencing court did not make the finding required to impose more than 30 days of incarceration. He contends that the trial court did not find, nor attempt to find, that Department of Corrections facilities could accommodate him for the extra 60 days.

---

[4] OAR 253-05-007(1) provides:

"Except as provided by OAR 253-09-001, if the offense is classified in a grid block below the dispositional line, the presumptive sentence shall be a term of probation which may include custody and conditions of supervision."

[5] The state also argues that we may not review defendant's challenge, because there is no review of presumptive sentences under ORS 138.222(2)(a). However, ORS 138.222(4)(a) provides for review of a claim that a sentencing court has failed to comply "with the requirements of law." If a court has imposed incarceration without the finding required by OAR 253-05-013(3), or has exceeded the maximum allowed, it has not complied with the requirements of law. *See State v. Cook, supra.*

[6] "Custody units" is not defined in the guidelines, which permit alternative sentencing, including any combination of jail time, house arrest, work release, residential treatment or community service. OAR 253-05-012(1), (2).

We conclude that OAR 253-05-013(3) does not apply in this instance. That rule specifically addresses the jail term that may be imposed according to the availability of local jail space. Here, defendant was given consecutive sentences. Because the sentence for his conviction on the ex-convict in possession charge must be served in prison, his sentence on the theft conviction is not subject to OAR 253-05-013(3), but to OAR 253-12-020, which provides, in part:

"(1)   When the sentencing judge imposes multiple sentences consecutively, the consecutive sentences shall consist of an incarceration term and a supervision term.

"* * * * *

"(c)   The incarceration term of any probationary sentence is the maximum jail sentence that could be imposed as provided by these rules as part of the presumptive probationary sentence for that offense.

"(d)   If any sentence includes a prison term, the entire incarceration term of the consecutive sentences shall be served in prison."

Under that rule, the maximum incarceration term on defendant's conviction would be 30 days. If the requirements for a departure sentence had been met, the incarceration term could not exceed the limitations in OAR 253-08-007. No departure findings were made.

Defendant argues that the trial court erred in ordering conditions of post-prison supervision. The state concedes that only the Board of Parole and Post-Prison Supervision can set *conditions* of supervision, as distinct from the *period* of supervision.[7] Accordingly, we vacate the conditions other than the imposition of a "money judgment" of $50 for the Criminal Injuries Compensation Fund and $300 in attorney fees. Those do not come within the Board's responsibilities for post-prison supervision. They were imposed under OAR 253-09-003.[8]

---

[7] On resentencing, the judgment should clarify the period of post-prison supervision. OAR 253-05-005.

[8] OAR 253-09-003 provides:

"In addition to the presumptive or departure sentence, the sentencing judge may impose any restitution, fine, or other monetary payment authorized or required by law."

Convictions affirmed; conditions of probation other than the money judgment vacated; sentence on theft II conviction vacated and remanded for resentencing on that conviction.