Argued and submitted July 24, 1991, conviction affirmed and remanded for
resentencing February 12, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# JESSE DELGADO,
*Appellant.*

# (C90-02-30671; CA A66588)

826 P2d 1014

Jesse Wm. Barton, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant challenges his sentence after his conviction in a bench trial for unlawful delivery and possession of a controlled substance. ORS 475.992. We remand for resentencing.

■ The court imposed a prison sentence of 10 years, with a 5-year minimum. The state concedes that the court lacked authority under the sentencing guidelines to impose that term of incarceration. We accept the concession. Defendant's presumptive sentence was a probationary sentence under grid block 4 E. OAR 253-05-007. The state sought a dispositional departure sentence of imprisonment under OAR 253-08-005, which limits the prison time that may be imposed to 1 year. Because the court imposed a sentence greater than the law authorizes, we remand for resentencing.[1] ORS 138.222(5).

■ Defendant also assigns as error that the sentencing court classified his criminal history as E on the criminal history scale. OAR 253-04-006. He argues that the court erred in adopting the state's criminal history calculation when the state did not produce certified copies of final judgments or affidavits attesting to the accuracy of the calculation.[2]

---

[1] Any departure from incarceration terms (*i.e.*, a dispositional departure) under OAR 253-08-005(3) is limited by that subsection and must be on the basis of "independent" substantial and compelling reasons. The rule's limit is less than the 10 years imposed here. Because we remand for resentencing, we do not address defendant's arguments that the reasons for the dispositional departure given by the trial court do not constitute substantial and compelling reasons. *See State v. Wilson,* 111 Or App 147, 826 P2d 1010 (1992).

[2] The state argues that the claimed error does not come within the scope of review of ORS 137.079(4)(f) or ORS 138.222(3). ORS 137.079(4)(f) provides:

"Except as provided in ORS 138.222, the court's decision on issues relating to a defendant's criminal history shall not be reviewable on appeal."

Under ORS 138.222(4)(b), we may review a claim that

"[t]he sentencing court erred in ranking the crime seriousness classification of the current crime or in determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes."

The state asserts that defendant's claim is neither a challenge to the classification of the current crime nor the classification of a prior conviction and, therefore, review is barred. However, defendant's challenge is not to the classification of the crime but to the procedure whereby the criminal history is determined. That claim is within the scope of review in ORS 138.222(4)(a), which allows review of a claim that the

The guidelines do not eliminate the requirement that a defendant must preserve a claim of error. *State v. Orsi/ Gauthier*, 108 Or 176, 813 P2d 82 (1991). If a defendant disputes any part of the criminal history in the presentence investigation (PSI) report, he must notify the district attorney and the court in writing. ORS 137.079(4). He did not do that.[3] The PSI contained a detailed list of defendant's prior convictions. There is no record of a written notification that defendant disputed any convictions. He made no objection at the sentencing hearing to the convictions listed in the PSI, arguing only generally that the PSI did not warrant a dispositional departure. Defendant failed to preserve his claimed error.

Conviction affirmed; remanded for resentencing.

---

sentencing court failed to "comply with requirements of law" in imposing a sentence. *See State v. Holliday*, 110 Or App 426, 824 P2d 1148 (1992).

[3] The record contains a form entitled "Criminal History" with "refused" handwritten in the blank where defendant could have signed if he admitted or stipulated to the criminal history.