Argued and submitted September 21, reversed and remanded for new trial November 4, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL O'BRIEN HALSEY,
*Appellant.*

(T91-5723; CA A73007)

840 P2d 730

Robert D. Bulkley, Jr., Portland, argued the cause for appellant. With him on the brief was Markowitz, Herbold, Glade & Mehlhaf, PC, Portland.

Kaye E. Sunderland, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Deits and Durham, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted for speeding. At the beginning of the trial, the court had the citation-issuing officer and defendant sworn as witnesses. Defendant was unrepresented. The officer testified about the facts leading to the citation. The court then asked defendant to say what he wanted to say. Defendant said: "I was expecting to have him up here so I could question him, Your Honor." To that the court replied: "Things are all different from TV and real life. Go ahead." Defendant was not permitted to cross-examine the officer.

"It is axiomatic that a party against whom a witness is called has the right to cross examine the [witness]." *Best v. Tavenner*, 189 Or 46, 53, 218 P2d 471 (1950). "The opportunity [for] cross-examination is an essential safeguard of the accuracy and completeness of testimony, and it is a right and not a mere privilege." *Jones v. Siladic*, 52 Or App 807, 813, 629 P2d 875, *rev den* 291 Or 662 (1981). A trial court has some power to regulate cross-examination, *see, e.g.*, OEC 611; OEC 405, but it does not have the power wholly to deny the right to cross-examine.

The error was not harmless.

Reversed and remanded for a new trial.