Argued and submitted May 10, decision of Court of Appeals reversed, judgment of circuit court vacated and case remanded to circuit court December 22, 2005

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## DEBORAH LYNN PROBST,
*Respondent on Review.*

### (CC CR00494; CA A115154; SC S51760)

124 P3d 1237

Doug M. Petrina, Assistant Attorney General, Salem, argued the cause and filed the briefs for petitioner on review. With him on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Anne Fujita Munsey, Deputy Public Defender, Salem, argued the cause and filed the brief for respondent on review. With her on the brief were Peter Gartlan, Chief Defender, and Peter A. Ozanne, Executive Director, Office of Public Defense Services.

GILLETTE, J.

## GILLETTE, J.

This is a case of felony driving under the influence of intoxicants (DUII). The offense is a felony because defendant has been convicted of DUII on three previous occasions. Each of those three predicate convictions is an element of the charged offense. Defendant, however, has collaterally attacked the constitutional validity of one of the predicate convictions. The issue before us is whether the burden of persuasion respecting the alleged constitutional invalidity of that predicate offense falls on the state (to refute the allegation), or on the defendant (to prove it). For the reasons that follow, we hold that the defendant bears that burden.

Oregon law treats certain forms of criminal recidivism as more serious than a single commission of the same crime. An example of such treatment is the offense of DUII. Ordinarily, that offense is a traffic crime, classified as a Class A misdemeanor. *See* ORS 813.010(4) (so providing). However, if a person commits the offense of DUII after having been convicted previously of that same crime three times in the preceding 10 years, the offense is a Class C felony. ORS 813.010(5). Obviously, in a case involving such a felony charge, the state must prove the existence of the previous convictions, which are elements of felony DUII. The state ordinarily meets that burden by introducing certified copies of those convictions. However, cases (such as the present one) occasionally arise in which a defendant, while acknowledging the *fact* of the earlier convictions, asserts that the state obtained one or more of those convictions without the defendant having had or validly having waived the right to the assistance of counsel. This case presents the question of who, in such cases, has the burden of presenting evidence respecting that alleged lack of assistance of counsel. The Court of Appeals, relying on this court's opinion in *State v. Grenvik*, 291 Or 99, 628 P2d 1195 (1981), held that the burden rests with the state to show either that defendant had or validly waived the assistance of counsel. *State v. Probst*, 192 Or App 337, 85 P3d 313 (2004). We allowed the state's petition for review to address that question.

The following facts are not in dispute.[1] In January 1994, defendant was charged in McMinnville Municipal Court with DUII. She entered into a diversion agreement pursuant to which she agreed to participate in an alcohol abuse treatment program. However, she failed to complete the treatment program successfully. In January 1996, the municipal court scheduled a hearing to determine whether to terminate the diversion agreement. The court informed defendant by letter that, if she failed to appear at the hearing, the court would terminate the diversion agreement and set the matter for trial. Defendant failed to appear, so the court terminated her diversion and set the case for trial on April 8, 1996.

On April 8, 1996, defendant filed a petition to enter a guilty plea in the McMinnville Municipal Court case. The plea petition included the following statements:

"2.  I wish to plead **GUILTY** to the charge of **DRIVING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICANT LIQUOR OR DRUGS.**

"* * * * *

"7.  **I OFFER MY PLEA OF GUILTY FREELY AND VOLUNTARILY AND OF MY OWN ACCORD AND WITH FULL UNDERSTANDING OF ALL MATTERS SET FORTH IN THE COMPLAINT IN THIS PETITION.**

"8.  **I ALSO WAIVE MY RIGHT TO AN ATTORNEY.**"

(Boldface in original.) The municipal court accepted defendant's guilty plea and entered a conviction for misdemeanor DUII.

In the meantime, on March 14, 1996, defendant was charged with a different DUII, with venue in Yamhill County District Court. On March 15, defendant appeared before the district court and the court appointed counsel for her and set the case for trial on May 1, 1996. On May 1, 1996, the

---

[1] In setting out the procedural history and the preliminary identification of issues in this case, we borrow extensively from the able opinion of the Court of Appeals.

Yamhill County District Court convicted defendant of misdemeanor DUII.

In 1999, defendant was convicted of misdemeanor DUII for a third time, this time in Yamhill County Circuit Court.

In September 2000, defendant was charged in the present case with a fourth DUII offense. As authorized by ORS 813.010(5), the offense was charged as a felony, based on defendant's three previous convictions for misdemeanor DUII. Defendant filed a motion *in limine*, challenging the use of the first of the three convictions—the 1996 McMinnville Municipal Court conviction—to show that she had been convicted of misdemeanor DUII on three occasions in the last 10 years. She asserted that the state could not use the municipal court conviction against her because she had not waived validly her right to counsel in that case.

The trial court held an evidentiary hearing on the motion. The state introduced defendant's plea petition from the municipal court case into evidence, and also submitted evidence showing that, at the time of the municipal court case, defendant was being actively represented by counsel in the district court case. In addition, the state called the McMinnville municipal court administrator, Bennett, to testify about her recollection of the April 8, 1996, hearing in which defendant had pleaded guilty. Bennett stated that, although defendant had appeared at the proceeding without an attorney, the municipal court previously had granted her a continuance so that she could obtain counsel. Bennett indicated that the municipal judge generally warned defendants before accepting an uncounseled plea of guilty, and described the warning that the judge gave to defendant in the present case as follows:

"[PROSECUTOR]: What, if anything, was the warning he gave?

"[WITNESS]: In this particular case, I was in the courtroom, and I do remember how the case was handled merely because this was the third time that she was brought in. And in this case, the judge had told her that—that she could seek counsel, and that she had the right to counsel before she entered her plea. And in this case, she entered her plea.

"* * * * *

"THE COURT:    Do you recall if the judge cautioned her at all about the hazards of proceeding without an attorney?

"[WITNESS]:    When he had brought her up, he had told her that she was here for a hearing to revoke her diversion, and that it would become a conviction. And that upon her entering this plea, that this was what precisely could happen, like the $5,000 fine. He read actually off of the guilty plea form. And then he told her that she had the right to an attorney before she entered a plea."

Based on the foregoing evidence, the prosecutor in the present case argued that the plea petition showed that defendant voluntarily had waived her right to counsel. He also noted that defendant had had counsel in the district court case that was pending at the time and argued that defendant therefore could be presumed to have understood the benefits of counsel and to have specifically waived counsel in the municipal court case.

Defendant noted, in response, that there was no evidence that either her attorney in the district court case or the district court had discussed with her the benefits of counsel or the risks of self-representation.

The trial court found that defendant knew that she had the right to counsel when she pleaded guilty in the municipal court case. With respect to the waiver issue, the court stated:

"I think I could fairly say that I would probably grant this motion [to bar use of the municipal court conviction,] but for Exhibit Number 3 [(the plea petition in which defendant waived counsel)].

"* * * * *

"The record on the hazards of proceeding without an attorney is a little weak here, but the record on the other side of the coin, I think, can be fairly inferred. And that is that the defendant had some knowledge of the benefits of having an attorney by the fact that she had an attorney who was actively involved in her [1996 district court] case at the time she elected to waive her right to an attorney in the Municipal Court."

The trial court denied defendant's motion *in limine*, finding that, under the totality of the circumstances, defendant knowingly had waived her right to counsel in the municipal court case. After a stipulated facts trial, the court convicted defendant of felony DUII.[2]

Defendant appealed to the Court of Appeals, assigning error to the trial court's use of the municipal court conviction to support the elevation of her offense to a felony. Defendant asserted that the use of the municipal court conviction violated her right to counsel as guaranteed both by the Sixth Amendment to the United States Constitution and Article I, section 11, of the Oregon Constitution.

As the Court of Appeals viewed it, the case came to it in the following posture: A defendant may challenge the use of a prior conviction in a subsequent prosecution on the grounds that the state obtained the prior conviction while the defendant was not represented by counsel and the defendant did not validly waive the right to counsel. Moreover, in *State v. Grenvik*, 291 Or at 102, this court had held that a valid waiver of counsel in such cases could not be presumed from a silent record. *See also State v. Meyrick*, 313 Or 125, 131-32, 831 P2d 666 (1992) (asserting that the rule in *Grenvik* stems from the fact that courts are "reluctant to find that fundamental constitutional rights have been waived"). Under Court of Appeals precedent based on *Grenvik* and *Meyrick*, a defendant bore "the burden of demonstrating *prima facie* that the conviction was uncounseled. If that is done, the burden is then on the state to demonstrate either that the defendant was, in fact, represented or that he [or she] had waived counsel." *State v. Holliday*, 110 Or App 426, 428, 824 P2d 1148, *rev den*, 313 Or 211 (1992). In the present case, it was undisputed that, in fact, defendant was not represented by counsel in the municipal court case; the dispositive question therefore was whether she validly had waived her right to counsel. *State v. Probst*, 192 Or App at 343.

At the outset, the state urged the Court of Appeals to reconsider the allocation of the burden of persuasion on the

---

[2] Defendant stipulated to the existence of the municipal court conviction, subject to her argument that the conviction was invalid.

issue of waiver, at least when a defendant collaterally attacked an uncounseled prior conviction. The state argued that, in such circumstances, a defendant should bear the burden of proving that she did not knowingly waive counsel. Although the state's position was at odds with this court's decision in *Grenvik*, the state argued that *Grenvik* was a case decided under the Sixth Amendment and was itself inconsistent with the United States Supreme Court's later decision in *Parke v. Raley*, 506 US 20, 113 S Ct 517, 121 L Ed 2d 391 (1992). In *Parke*, which also was a case involving a collateral attack on a criminal conviction, the Court held that "the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant" when the defendant challenges the validity of a prior conviction. 506 US at 31.

The Court of Appeals, after extensive analysis, responded to the state's argument this way:

"An argument can be made that, in light of *Parke*, the reasoning in *Grenvik* is now outdated. At the time *Grenvik* was decided, it was entirely possible that a prior Oregon conviction had resulted from a proceeding in which the defendant neither had counsel nor validly had waived the right to counsel. However, Oregon law—including statutes and decisional law—has now protected the constitutional right to counsel for many years and, today, defendants in courts throughout the state, including municipal courts, routinely are advised of the right to counsel and the dangers of self-representation. There is every reason to believe that the trial courts of this state regularly follow applicable statutes and the directives of the Supreme Court in ensuring that the right to counsel is adequately protected. Thus, the rationale for excluding prior convictions from the presumption of regularity that generally attaches to final judgments arguably no longer is sound. A new approach, consistent with *Parke*, would continue to impose on the state the burden of proving that a prior conviction is constitutionally valid where there is *prima facie* evidence in the record that the defendant did not validly waive his or her right to counsel. However, where, as here, no such evidence exists, the presumption of validity logically would prevail.

"Two considerations constrain us from adopting such a rule, though. First, although the United States Supreme

Court has held that state courts may not impose restrictions under federal constitutional law that that court specifically has refrained from imposing, *Oregon v. Hass*, 420 US 714, 95 S Ct 1215, 43 L Ed 2d 570 (1975), the prerogative to overrule an Oregon Supreme Court decision belongs to that court, not to us. *See State v. Williams*, 17 Or App 513, 526, 522 P2d 1213 (1974) (stating that 'when the Oregon Supreme Court's last word on an issue is more favorable to a criminal defendant than the United States Supreme Court's last word, we have made it our practice to follow the last word of the Oregon Supreme Court, leaving to that court the decision about whether to adopt the less favorable position adopted by the United States Supreme Court'). Second, *Grenvik*—a Sixth Amendment case—did not address whether Article I, section 11, of the Oregon Constitution precludes applying a presumption of regularity to prior convictions in cases where the record does not affirmatively demonstrate that the defendant validly waived his or her right to counsel. Unlike the defendant in *Grenvik*, defendant here has raised that state constitutional issue. It is not certain that the Oregon Supreme Court would adopt the *Parke* rule for purposes of Article I, section 11.[6] *See, e.g., DeAngelo v. Schiedler*, 306 Or 91, 95, 757 P2d 1355 (1988) (declining to reach Sixth Amendment claim where Oregon Constitution provided protection sought by post-conviction petitioner); *cf. State v. Rogers*, 313 Or 356, 363, 836 P2d 1308 (1992), *cert den*, 507 US 974 (1993) (presuming same analysis of venue issue under Article I, section 11, and Sixth Amendment because defendant did not suggest different analysis under state and federal constitutions). In any event, because we are bound by *Grenvik*, our further conjecture on the subject would serve no useful purpose.

---

[6] Both the Sixth Amendment and Article I, section 11, guarantee the right to counsel in any 'criminal prosecution.' In *Meyrick*, 313 Or at 131-32, the defendant challenged on direct appeal the validity of his waiver of counsel under both the Sixth Amendment and Article I, section 11. Because the court cited *Grenvik* in its Article I, section 11, analysis, it arguably concluded that the waiver analysis under the Sixth Amendment was not meaningfully different from the analysis under Article I, section 11. With respect to misdemeanor prosecutions, however, the Sixth

Amendment right to counsel extends only to cases in which actual imprisonment is imposed. *Scott v. Illinois*, 440 US 367, 374, 99 S Ct 1158, 59 L Ed 2d 383 (1979). Article I, section 11, is not so limited. [*City of Pendleton v.*] *Standerfer*, 297 Or [725,] at 729[, 688 P2d 68 (1984)]; *Brown v. Multnomah County Dist. Ct.*, 280 Or 95, 570 P2d 52 (1977) (holding that the meaning of 'criminal prosecution' is not confined to those misdemeanor cases in which imprisonment is actually or even potentially to be imposed). That difference alone cautions against drawing a hasty conclusion about the portability of Sixth Amendment case law to an Article I, section 11, analysis of the waiver issue."

*Probst*, 192 Or App at 347-48.

Having rejected the state's procedural argument, the Court of Appeals turned to the merits. Respecting the merits, and assuming that the state had the burden of persuasion that *Grenvik* imposed on it, that court held that the state had failed to carry its burden of proving that defendant's McMinnville Municipal Court conviction was valid. The court held, first, that the evidence relating to defendant's waiver of counsel when she appeared in person before the municipal court did not establish a knowing waiver. *Probst*, 192 Or App at 351. The court also rejected the state's argument that defendant's earlier request for time to obtain counsel demonstrated that she understood the value of counsel and, therefore, inferentially could be said to have knowingly waived counsel. *Id.* at 352. Finally, the court rejected the chain of favorable inferences that the state wished to have drawn from the fact that defendant had counsel in another DUII case at the time that she purported to waive her right to counsel in the McMinnville Municipal Court matter. *Id.* at 353. The court therefore concluded that the state could not use the McMinnville Municipal Court conviction as a predicate conviction to help establish that defendant's latest DUII offense was a felony. The court remanded the case to the trial court with instructions to enter a conviction for misdemeanor DUII. *Id.* at 353-54. As noted, we allowed the state's petition for review.

In this court, as in the Court of Appeals, the state places heavy emphasis on its argument that this court should presume that a conviction such as defendant's in the

McMinnville Municipal Court is valid and defendant should have the burden of demonstrating that it was not. That argument necessarily includes a request that this court reconsider and overrule *Grenvik*. We turn to that issue.

In *Grenvik*, the state sought to use an uncounseled prior conviction to elevate the defendant's second DUII offense from a Class A traffic infraction to a Class A misdemeanor. The defendant objected, arguing that the use of that conviction violated his Sixth Amendment right to counsel. In addressing that issue, this court relied on the United States Supreme Court's decision in *Burgett v. Texas*, 389 US 109, 88 S Ct 258, 19 L Ed 2d 319 (1967), for two propositions: (1) a defendant may challenge the constitutional validity of a prior conviction in a subsequent prosecution in which the state uses the prior conviction to elevate the subsequent offense; and (2) where the record of a prior conviction is silent as to whether the defendant was represented by or waived counsel, the court must presume that the court in the earlier proceeding did not afford the defendant his or her right to counsel. *Grenvik*, 291 Or at 101-02. Consistent with those principles, this court held that the state could not use a prior conviction as an element of an offense unless the record of the prior conviction affirmatively showed that the defendant either was represented by counsel or validly had waived the right to counsel; that is, the court could not presume a valid waiver of counsel from a silent record. *Id.* at 102. Since 1981, Oregon courts have followed those principles.[3]

In 1992, the United States Supreme Court reconsidered *Burgett* in *Parke* and, in that later decision, rejected the second proposition from *Burgett* on which this court had relied in *Grenvik*. In *Parke*, the defendant challenged a Kentucky statute that enhanced sentences for repeat felons. The defendant moved to suppress evidence of two prior convictions that the state wished to use against him arguing that, because the record failed to indicate whether the underlying guilty pleas were knowing and voluntary, they did not

---

[3] *See, e.g., City of Pendleton v. Standerfer*, 297 Or 725, 730-32, 688 P2d 68 (1984); *State v. Riggins*, 180 Or App 525, 531, 44 P3d 615 (2002); *State v. Holliday*, 110 Or App at 429; *State v. Manfredonia*, 105 Or App 537, 540, 805 P2d 738 (1991) (all illustrating principle).

comply with *Boykin v. Alabama*, 395 US 238, 243, 89 S Ct 1709, 23 L Ed 2d 274 (1969) (holding that, on direct review, court cannot presume waiver of rights from silent record resulting in guilty plea). *Parke*, 506 US at 22.

Under the Kentucky statute, the state retained the ultimate burden of persuasion as to the validity of prior convictions, but a presumption of regularity attached to such convictions. When the state proved the existence of a prior conviction, the statute shifted to the defendant the burden to produce evidence that the conviction was invalid. If the defendant met that burden, the state had to prove beyond a reasonable doubt that the conviction was valid.

In upholding the Kentucky statute, the Court held that *"Boykin* does not prohibit a state court from presuming, at least initially, that a final judgment of conviction offered for purposes of sentence enhancement was validly obtained." *Parke*, 506 US at 30. The Court distinguished the context in that case, a collateral attack on a final judgment, from *Boykin*, which was a direct appeal from a conviction:

> "We see no tension between the Kentucky scheme and *Boykin. Boykin* involved direct review of a conviction allegedly based upon an uninformed guilty plea. *Respondent, however, never appealed his earlier convictions. They became final years ago, and he now seeks to revisit the question of their validity in a separate recidivism proceeding.* To import *Boykin's* presumption of invalidity into this very different context would, in our view, improperly ignore another presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights."

*Parke*, 506 US at 29 (emphasis added). The Court further noted that, when it decided *Burgett*, "state criminal defendants' federal constitutional right to counsel had not yet been recognized, and so it was reasonable to presume that the defendant had not waived a right he did not possess." *Id.* at 31. Because the right to counsel was well established when the Court decided *Parke*, however, the Court held that the state could rely upon the presumption of regularity that generally attaches to final judgments of conviction. *Id.*

■ The defendant in *Parke* also challenged the Kentucky statute on the ground that it assigned a burden of production to criminal defendants. The Court rejected that argument, too, holding that, "even when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant." *Id.*

After the Supreme Court decided *Parke*, a number of jurisdictions adopted the presumption of regularity for prior convictions used to enhance sentences or as elements of a crime.[4] And, so far as we can determine, no state has held that applying a presumption of regularity offends any constitutional right of a defendant.

■ We begin our analysis by noting that, defendant's argument to the contrary (which we discuss below) notwithstanding, there does not appear to be any subconstitutional answer to the issue before us. *See Priest v. Pearce*, 314 Or 411, 414, 840 P2d 65 (1992) (methodology customarily calls for court to begin analysis with subconstitutional law). Certain statutes touch on the subject of using prior convictions for DUII to enhance the possible sentence in a later case, but none suggests that the legislature has placed any burden on the state to prove the validity of those convictions. For example, ORS 813.326 states that prior convictions are elements of the crime of felony DUII under ORS 813.010(5) and that the state shall "plead * * * and prove" them. ORS 813.326(1). However, nothing in that requirement says anything about circumstances in which a defendant challenges the validity of one or more of those prior convictions, much less about who should have the burden of persuasion respecting such an issue.

---

[4] *See, e.g., Harris v. Georgia*, 238 Ga App 452, 453, 519 SE2d 243 (1999); *Idaho v. Weber*, 140 Idaho 89, 90 P3d 314 (2004); *Louisiana v. Shelton*, 621 So 2d 769, 779-80 (La 1993); *Massachusetts v. Lopez*, 426 Mass 657, 664-65, 690 NE2d 809 (1998); *Michigan v. Carpentier*, 446 Mich 19, 37, 521 NW2d 195 (1994); *Montana v. Perry*, 283 Mont 34, 37, 938 P2d 1325 (1997); *North Carolina v. Stafford*, 114 NC App 101, 104, 440 SE2d 846 (1994); *Tatum v. Texas*, 846 SW2d 324, 327-28 n 5 (Tex Crim App 1993); *James v. Virginia*, 18 Va App 746, 752, 446 SE2d 900 (1994) (all to that effect).

Of all the statutes, ORS 813.328 comes closest to the point. It provides:

> "A defendant who challenges the validity of prior convictions alleged by the state [pursuant to ORS 813.326] as an element of felony driving while under the influence of intoxicants must give notice of the intent to challenge the validity of the prior convictions at least seven days prior to the first date set for trial on the felony charge. The validity of the prior convictions shall be determined prior to trial by the court."

Defendant argues that that statute "indicates that a prior conviction must be valid to satisfy that element of the offense of DUII." From that, she reasons that the validity of the conviction is an "element" of felony DUII and, because it is, the state loses because it bears the burden of persuasion on all elements of a criminal offense.

We are not persuaded by that argument. Although it doubtless is true that the legislature did not intend an *invalid* prior conviction to serve as a predicate conviction under ORS 813.010(5), it does not logically follow—as defendant's argument necessarily would require—that ORS 813.328 is a substantive statute that requires the state to prove not only the *fact* of a prior conviction, but also its *validity*, to the trier of fact. Rather, it is clear to us from the wording of the statute that it is intended to serve as a procedural statute that prescribes where and when a defendant's challenge to the validity of a conviction shall be determined, *if a defendant chooses to make such a challenge*. We now hold specifically that, in prosecutions for felony DUII, the existence of the predicate convictions is an element of the felony charge that the state must prove beyond a reasonable doubt, but the *validity* of the predicate convictions is not an element. *Cf. State v. Sims*, 335 Or 269, 273-75, 66 P3d 472 (2003) (validity—as opposed to existence—of predicate offenses in driving while revoked prosecution not element of offense). We turn to the constitutional issues presented by this case.[5]

---

[5] Defendant makes one other subconstitutional argument based on the rules of evidence, particularly on OEC 104, dealing with preliminary questions. The argument is not well taken, and we do not discuss it.

626

■       Normally, we begin our constitutional analysis with the Oregon Constitution. *See, e.g., State v. Kennedy*, 295 Or 260, 262, 666 P2d 1316 (1983) (explaining methodology). However, because our decisional precedent in this case (*Grenvik*) is based on the Sixth Amendment, and because the state's line of reasoning fails if *Grenvik* continues to state applicable federal law correctly, we turn to the federal constitutional analysis first.

The state's position in this respect is that "*Grenvik* is now directly at odds with the * * * holding in *Parke v. Raley* * * * that the federal constitution does not preclude a state from applying a presumption of regularity [when a defendant collaterally attacks an uncounseled conviction] and assigning a defendant a burden of proof."

Defendant's initial response is that the state reads *Parke* too broadly, *i.e.*, the case does not stand for the proposition that the Sixth Amendment permits a state to apply a presumption of validity to prior convictions and to require a defendant to produce evidence that would undermine that presumption.[6] However, as our earlier summary of the case indicates, we read *Parke* as standing precisely for that proposition. It follows that this court's opinion in *Grenvik*, which attempted to follow and apply the Sixth Amendment, is not correct. It is permissible, under the Sixth Amendment, to place the burden of persuasion on a defendant who collaterally attacks the validity of a prior conviction that has become final.[7]

■       We turn to the question of the allocation of the burden of persuasion, in cases like the present one, in light of Article I, section 11, of the Oregon Constitution.[8] In doing so, we wish to make clear how limited this issue is. The law is

---

[6] Defendant's arguments in this respect boil down to the proposition that *Grenvik* was properly reasoned and decided at that time. Ultimately, however, any such argument does not address the issue now before us, *viz.*, is *Grenvik* a correct application of the Sixth Amendment, as that amendment is construed today?

[7] We recognize that the rule that we announce here goes farther than the burden-shifting statutory rule that was before the Court in *Parke*. However, we perceive no constitutional distinction between the dynamic of the *Parke* rule and the rule that we announce today.

[8] Article I, section 11, of the Oregon Constitution provides, in part:

settled beyond the need for citation that the state has the burden of proving each material element of the offense—including, in this case, the existence of certain predicate criminal convictions—beyond a reasonable doubt. Further, we believe that it is clear that, with respect to the prior convictions that the state wishes to use as predicate offenses in the present case, the court may deny the state the right to use the conviction in that way if the state obtained them through a denial of defendant's constitutional rights. (The state so concedes and, even if it did not, we are satisfied that ORS 813.328, quoted below, 339 Or at 625, which sets out the procedure by which collateral attacks may be raised and heard, is a direct legislative recognition of that rule.) What remains at issue is the question of who bears the burden of persuasion when a defendant asserts that one or more predicate convictions cannot be used.

The state asserts that it makes out a *prima facie* case respecting the existence of predicate convictions by offering certified copies of the judgments of conviction. That is, proof of the *fact* of the convictions is an element of the offense, but proof of their *validity* is not. We already have indicated our agreement with that proposition.

The state next asserts that, like all other judgments of conviction that have become final, the judgments here are entitled to a presumption of validity. Defendant does not appear to challenge that abstract proposition, and we agree with it. *See, e.g., Schram v. Gladden*, 250 Or 603, 605, 444 P2d 6 (1968) (in post-conviction context, presumption of regularity applies and petitioner has burden of showing absence of valid waiver).

This brings us to the contested issue. The state asserts that, even in cases like the present one, in which the record shows that the state obtained one or more predicate convictions (by plea or trial) when defendant was not represented by counsel, the presumption of validity continues.[9] It

---

"In all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel * * *."

[9] We emphasize once more that the state is referring to a *collateral attack* on a criminal conviction, *i.e.*, a case in which a defendant's prior convictions have

follows, the state asserts, that defendant bears the burden of showing that the absence of counsel resulted in a conviction (by plea or trial) that was constitutionally invalid.

Defendant's response relies primarily on *Meyrick*, in which this court, relying in part on *Grenvik* and on *Miller v. Gladden*, 249 Or 51, 437 P2d 119 (1968), stated that waiver of the right to counsel under Article I, section 11, of the Oregon Constitution "will not be presumed from a silent record." 313 Or at 132. *Meyrick* does not aid defendant. That case was a direct appeal of—not a collateral attack on—an uncounseled criminal conviction; it says nothing about the presumption of regularity that attaches to a conviction that has become final. *Cf. Schram*, 250 Or at 605 (in post-conviction, recognizing presumption of regularity respecting criminal convictions that were unappealed or had become final after appeal, even when conviction was uncounseled; holding that petitioner had burden to show that uncounseled predicate conviction was obtained in violation of right to counsel).[10] Defendant's reliance of *Meyrick* is not well taken.

In summary, we conclude that there is no statutory or constitutional provision that requires the state, in the face of a defendant's bald assertion that she was denied some aspect of her right to counsel respecting a previously unchallenged predicate conviction, to assume the burden of persuasion respecting the validity of that conviction. Instead, just as would be true in a post-conviction proceeding, the presumption of validity of the prior conviction means that, absent some other evidence in the record that, if accepted, would show that the conviction was invalid, the conviction may be used against defendant. It follows logically that, respecting such a conviction, the burden is on the defendant to prove by a preponderance of the evidence that it was invalid. That burden may be met in a variety of ways, *see State v. James*, 339 Or 476, 491-92, 123 P3d 251 (2005) (discussing various ways

become final, either because the defendant did not appeal them or, if he or she did, the appellate court affirmed them. The rule that we establish here is limited to such circumstances.

[10] Defendant also relies on *Ryan v. Palmateer*, 338 Or 278, 108 P3d 1127 (2005), but that case involved alleged "structural errors" in a criminal proceeding in which an accused person actually had counsel. We find nothing in that case that is helpful to defendant here.

in which a burden of persuasion may be met, including reliance on evidence produced by other party), but it is defendant's to meet.

Turning to the facts of the present case and applying the foregoing rule, the outcome is straightforward. The state produced evidence of the contested predicate conviction. Defendant then produced evidence that she did not have counsel when she pleaded guilty to that charge. But lack of counsel, although relevant, is not dispositive. Defendant needed to be able to point to some evidence—from her own testimony or otherwise—tending to show that the absence of counsel *resulted in an involuntary plea*, whether because she was unaware of the possible consequences of proceeding without a lawyer, or otherwise. There is no such evidence in this record, either directly or by permissible inference. Thus, under the rule that we announce today, the trial court would be entitled to deny defendant's motion to suppress the fact of her contested conviction, and defendant's resulting conviction for felony DUII would be valid. The contrary holding of the Court of Appeals, while understandable, was error, and must be reversed.

That said, we believe that one further consideration enters into this case. Defendant's position throughout has been to rely on *Grenvik*, treating it as binding precedent from this court. That was a reasonable position, albeit an incorrect one. Defendant's position also logically permitted her to make a particular tactical choice: She offered no evidence respecting the critical issue, because the precedent on which she relied (*Grenvik*) placed the burden on the state, not on her. That tactical choice also was reasonable at the time she made it. Thus, without knowing that the rule that ultimately would be announced would be contrary to *Grenvik*, defendant never really had any reason to consider other tactical choices. We believe that she should have that chance. We therefore vacate the judgment and remand the case to the trial court to allow defendant the opportunity—if she wishes to exercise it—to put on evidence to meet her burden of persuasion.[11] If she chooses not to do so, then the trial court may reinstate the

---

[11] Nothing in the examples that follow is intended to suggest that the state may not also offer evidence respecting the validity of the earlier convictions.

judgment. If she chooses to do so, but the trial court is unpersuaded by her evidence, then the judgment likewise may be reinstated. If, however, the trial court is convinced by defendant's evidence that her uncounseled guilty plea in the municipal court case was not voluntary, then the trial court shall enter a conviction of misdemeanor DUII.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is vacated and the case is remanded to the circuit court.