Argued and submitted February 22, vacated and remanded March 29, 2006

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL KANE KANESHIGE,
*Appellant.*

CR020737; A122034

132 P3d 670

Jennelle M. Barton, Deputy Defender, argued the cause for appellant. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Ortega, Judge.*

PER CURIAM

---

* Ortega, J., *vice* Ceniceros, S. J.

## PER CURIAM

Defendant appeals a judgment of conviction for felony driving under the influence of intoxicants (DUII). ORS 813.010(5). He assigns error to the trial court's use of a prior DUII conviction, which was the result of an uncounseled "no contest" plea, in establishing that defendant had the requisite number of predicate convictions for felony DUII. Renewing an argument that he made to the trial court, defendant argues on appeal that, under the rule in *State v. Grenvik*, 291 Or 99, 628 P2d 1195 (1981), once he demonstrated that his prior DUII conviction was uncounseled, the burden shifted to the state to prove that counsel had been knowingly and voluntarily waived; defendant argues that, in this case, the state failed to make such a showing.

After defendant filed this appeal, the Oregon Supreme Court held that the burden-shifting rule from *Grenvik*, relied on here by defendant, is no longer good law. *State v. Probst*, 339 Or 612, 626, 124 P3d 1237 (2005). In *Probst*, the court, considering circumstances like those here, held that it is the defendant who has the burden of persuasion to show that a prior waiver of counsel was not voluntary. *Id.* Defendant's reliance on *Grenvik*, however, as well as the tactical choices that that reliance may have engendered, were not unreasonable. *See Probst*, 339 Or at 629. We therefore vacate and remand this case in order to allow defendant an opportunity to meet his burden of persuasion. *See id.*

Vacated and remanded.