Argued and submitted September 27, 2007, affirmed January 23, 2008

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## RICHARD DOUGLAS SCHLEIF,
aka Richard Douglas Schlief,
whose true name is Richard Douglas Schleif,
*Defendant-Appellant.*

Lane County Circuit Court
200500418; A128439

175 P3d 1026

Ryan T. O'Connor argued the cause for appellant. On the brief were Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Jamesa J. Drake, Deputy Public Defender, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for felony assault in the fourth degree, ORS 163.160. He argues on appeal that he is entitled to have his case remanded for resentencing in light of the Supreme Court's decision in *State v. Probst*, 339 Or 612, 124 P3d 1237 (2005), a case that was decided after he was sentenced. For the reasons that follow, we affirm.

At sentencing, defendant objected to the trial court's use of two Arizona convictions, which resulted from guilty pleas after he had waived counsel, in calculating his criminal history score. Under Oregon case law existing at the time of sentencing, once a defendant demonstrated that a prior conviction arose from a guilty plea without the benefit of counsel, the burden shifted to the state to prove that the defendant's waiver of counsel was valid. *State v. Grenvik*, 291 Or 99, 102, 628 P2d 1195 (1981). On appeal, defendant does not argue that the trial court erred in finding that his waiver of counsel in the Arizona proceeding was valid. Rather, he argues that, because the Supreme Court held in *Probst* that a defendant, rather than the state, has the burden of proving that an out-of-state conviction used to calculate a defendant's criminal history score is the result of an invalid waiver of counsel, we are required to remand for resentencing.

The first hurdle that defendant needs to overcome on appeal is to demonstrate that he preserved his claim of error in the trial court. ORAP 5.45(1) provides that no matter claimed as error will be considered on appeal unless the claimed error was first raised in the trial court. In *State v. Forrest*, 213 Or App 151, 159 P3d 1286 (2007), the defendant made an argument in his appellate brief similar to the argument made by defendant in this case, contending that he should be given "the opportunity to provide evidence on the issue to satisfy the new standards, as in *Probst*." We responded to the defendant's argument in *Forrest* by observing that both parties had argued the law to the trial court as it existed under the prior case law and that "[b]ased on the arguments made to the trial court, we conclude that the trial court applied the correct legal standard to the facts before it."

213 Or App at 160. In other words, we held that the defendant in *Forrest* had not preserved any objection to the burden of persuasion standard used by the trial court and had invited the court to use the standard that the court applied.

The reasoning in *Forrest* is applicable to this case, where defendant cited *State v. Jackson*, 172 Or App 414, 19 P3d 925 (2001), in his pretrial memorandum as the governing authority on the issue and where the trial court relied on our analysis in *Jackson* in ruling on defendant's objections to the use of the Arizona convictions. In *Jackson*, we observed that, after the defendant presented evidence that he had been without counsel in the prior case, it then became the state's burden to show a valid waiver. 172 Or App at 420. In other words, defendant invited the trial court to apply the rule of *Jackson* to this case but now contends, on appeal, for the first time, that the case should be remanded so that the rule of *Probst* can be applied. As a result, defendant has not preserved the claim of error he now raises, and, therefore, we are unable to consider it.

Affirmed.[1]

---

[1] Defendant's motion to strike the final paragraph in the state's memorandum of additional authorities is allowed pursuant to ORAP 5.85(2)(a).