Argued and submitted March 26, reversed and remanded September 10, petition for review denied November 20, 2014 (356 Or 517)

## STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

## WILLIAM JAMES STRICKLAND,
*Defendant-Respondent.*

Hood River County Circuit Court
120135CR; A153777

335 P3d 867

Doug M. Petrina, Senior Assistant Attorney General, argued the cause for appellant. With him on the briefs were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Lindsey Burrows, Deputy Public Defender, argued the cause for respondent. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Before Ortega, Presiding Judge, and DeVore, Judge, and Edmonds, Senior Judge.

DEVORE, J.

## DEVORE, J.

In this criminal case, the state appeals the trial court's order granting defendant's motion *in limine* preventing the state from introducing evidence of a prior conviction for driving under the influence of alcohol. *See* ORS 138.060(1)(c) (appeal from order suppressing evidence). The state first assigns error to the trial court's denial of the state's request to call defendant as a witness for cross-examination, arguing that defendant had waived his right against self-incrimination by submitting an affidavit. Second, because the state had been precluded from developing cross-examination, the state assigns error to the trial court's denial of the state's motion to strike defendant's affidavit. Third, the state assigns error to the trial court's order excluding evidence of defendant's prior conviction. We write only to address the state's first assignment and review for legal error.[1] *State v. Lea*, 146 Or App 473, 482-85, 934 P2d 460, *rev den*, 325 Or 438 (1997) (applying that standard). We reverse and remand.

The facts are undisputed and predominantly procedural. Defendant was charged with driving under the influence of intoxicants (DUII), ORS 813.010. Under ORS 813.011, that offense is a felony if the driver has at least two previous DUII convictions within 10 years of the current offense.[2] At a pretrial hearing, defendant moved to exclude evidence of a previous DUII conviction in 2004. He submitted an affidavit that challenged the constitutional validity of the conviction, asserting that he had not knowingly waived his right to counsel and that the court had not advised him of the danger of proceeding without an attorney. The affidavit claimed that defendant had pleaded guilty to the offense because he had been told it was the only way that he could be released from jail.[3]

---

[1] We need not review the state's second and third assignments of error because we reverse and remand on the first assignment, and those related assignments may become moot or be resolved by the trial court on remand.

[2] ORS 813.011(1) provides that DUII is a Class C felony "if the defendant has been convicted of driving under the influence of intoxicants * * * at least two times in the 10 years prior to the date of the current offense."

[3] Defendant's affidavit stated, "I was told that the only way that I could be released from jail was to plead guilty" and "[a]t no point did the judge advise me of the danger of proceeding without an attorney."

The state attempted to call defendant as a witness for cross-examination regarding the claims in the affidavit. Defendant asserted his Fifth Amendment right against self-incrimination. The state objected to the affidavit and moved to strike it, indicating that "the state has had no chance to actually respond to [statements therein] or cross-examine the witness." The state urged that defendant had waived his right against self-incrimination with respect to statements in the affidavit. The state also argued that defendant had not met his burden under *State v. Probst*, 339 Or 612, 124 P3d 1237 (2005), to show that he had not validly waived his right to counsel in the 2004 conviction. The trial court denied the motion to strike and permitted defendant to refuse to be called as a witness by exercise of his Fifth Amendment right. The trial court determined that defendant had met his burden under *Probst* and excluded the evidence of the previous DUII conviction.

As a threshold matter, on appeal, defendant interjects that this court does not have subject matter jurisdiction and that the appeal is unreviewable. We disagree. ORS 138.060(1)(c); *see also State v. Hess*, 342 Or 647, 654, 159 P3d 309 (2007) (rejecting a similar argument and concluding court's pretrial order had the effect of excluding evidence from the jury's consideration).

Defendant also contends that the state's lead issue is unpreserved because the state failed to make an offer of proof. Defendant suggests that the state should have further developed the record "by identifying what questions it wished to ask defendant and its purpose in seeking cross-examination." We have observed that "[t]o assure that appellate courts are able to determine whether a trial court erred in excluding evidence and whether that error was likely to have affected the trial's result, an offer of proof ordinarily is required to preserve error when a trial court excludes testimony." *State v. Morgan*, 251 Or App 99, 104, 284 P3d 496 (2012). In the absence of an offer of proof, a challenge may still be preserved if "[t]he questions asked and the arguments presented to the court on the issue were adequate to inform the trial court of the substance of the evidence and its error in excluding it." *Id.* at 106 (quoting *Schacher v. Dunne*, 109 Or App 607, 610, 820 P2d 865 (1991), *rev den*, 313 Or 74

(1992)); *see also State v. Lasky*, 259 Or App 307, 315, 314 P3d 304 (2013) (same). We view the facts in light of the purposes of fairness and efficiency underlying that requirement. *State v. Stevens*, 328 Or 116, 122, 970 P2d 215 (1998). An error is preserved if a "substantial right of the party is affected" and the substance of the evidence was "apparent from the context within which questions were asked." OEC 103(1)(b).

Here, the state objected to the trial court's ruling. The state did so because, according to the state, defendant had waived his right against self-incrimination as to the contents of his affidavit and, therefore, the state had "the right to cross-examine him on *** assertions contained in it." The prosecutor specified that she wanted to cross-examine defendant regarding "inconsistencies" in his affidavit. Assuming that some explanation is required in these circumstances, the assertion in the affidavit and the prosecutor's statements suffice. Such explanation of purpose and scope is adequate for preservation and well serves the functions of fairness and efficiency underlying the preservation requirement. Although the state did not make an explicit offer of proof, the context was "adequate to inform the trial court of the substance of the evidence and its error in excluding it." *Morgan*, 251 Or App at 106 (quoting *Schacher*, 109 Or App at 610). The state was not required, as defendant contends, to further delineate questions it wished to pose. We conclude that the matter on appeal is preserved.

On the merits, the state asserts that the trial court erred in denying its request to cross-examine defendant. It is well established that a defendant who elects to testify on his own behalf waives the constitutional protection against self-incrimination within the scope of his testimony. *See* ORS 136.643 (prosecution has right to cross-examine defendant "upon all facts to which the defendant *** has testified" relevant to conviction or acquittal); *State v. Jordan*, 146 Or 504, 544, 30 P2d 751 (1934) (quoting *State v. Stilwell*, 109 Or 643, 662, 221 P 174 (1924)) (holding that the state may inquire "'as to any matters which would throw light upon the testimony given in chief and germane thereto'"). That is because cross-examination "is an essential safeguard of the accuracy and completeness of testimony, and it is a right and not a mere privilege." *State v. Halsey*, 116 Or App 225,

226, 840 P2d 730 (1992) (internal quotation marks omitted); *see also State v. Cox*, 337 Or 477, 492-93, 98 P3d 1103 (2004) (observing the significance of cross-examination). Cross-examination serves additional policy goals of fairness to the parties—"ensuring that one party is not permitted to 'have its cake' (secure the benefits of direct examination) and 'eat it too' (avoid cross-examination)." *Lea*, 146 Or App at 482. A waiver of the right against self-incrimination applies to a defendant's submission of an affidavit at a motions hearing. *See State v. Mende*, 304 Or 18, 21, 741 P2d 496 (1987) (as to matters raised in the defendant's affidavit, the defendant had waived his privilege not to testify at the hearing).

In this case, defendant submitted an affidavit that collaterally attacked the validity of a prior, predicate conviction. In doing so, defendant both asserted a constitutional right to testify and waived his constitutional right against self-incrimination regarding the contents of the affidavit. *See Cox*, 337 Or at 492. The trial court has broad discretion to control the order and presentation of evidence. OEC 611; *State v. Rogers*, 330 Or 282, 300, 4 P3d 1261 (2000). Nevertheless, that discretion does not translate into the power to wholly deny the state's ability to cross-examine. *Halsey*, 116 Or App at 226.

Defendant proposes that any error is harmless because the evidence in the affidavit was cumulative, defendant did not gain an "unfair advantage," and the ruling did not otherwise prejudice the state. Denial of a party's right to cross-examine is not typically harmless. *State v. Hovies*, 320 Or 414, 419, 887 P2d 347 (1994) (observing the possibility of an "unusual case" where denial of right to cross-examine is harmless). In this case, the state had no opportunity to address inconsistencies arising from the affidavit or to otherwise develop the record regarding defendant's statements. We cannot conclude that the state's ability to cross-examine defendant would not have changed the disposition of the hearing. *State v. Cole*, 323 Or 30, 36, 912 P2d 907 (1996) (error harmless if there is little likelihood it affected a case's outcome). Therefore, we reverse and remand.

Reversed and remanded.