Argued and submitted January 10, reversed and remanded June 24, 1992

In the Matter of the Marriage of

Vivian M. HOWELL-HOOYMAN,
aka Vicky Hooyman,
*Respondent,*
*and*

Dennis R. HOOYMAN,
*Appellant.*

(89C-32030; CA A68275)

833 P2d 328

George W. Kelly, Eugene, argued the cause and filed the brief for appellant.

Sharman R. Meiners, Stayton, argued the cause for respondent. With her on the brief was McGehee & Meiners, Stayton.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Husband appeals from a judgment of dissolution. At issue were child custody, visitation, child support, property valuation and division and attorney fees. Wife appeared through counsel, and husband represented himself. The trial court ended the trial before husband completed his cross-examination of wife and before he presented his case-in-chief. We review for abuse of discretion, and reverse and remand.

This case has had several hearings in the trial court before the same judge on related matters. The trial court had scheduled the dissolution trial for one day. It began at about 9:30 a.m., at which time the parties and the court spent about an hour clarifying exhibits. Wife testified, presenting her case-in-chief until the noon recess. After the recess, wife presented an expert witness, out of order, to testify concerning custody of the parties' minor children.[1] Husband cross-examined the witness until he was interrupted by the court at about 2:40 p.m. The court warned husband that the trial would end at 4:15 p.m. that afternoon and that husband should reserve time for himself if he wanted to present his own evidence and witnesses. The court then ordered a recess. After the recess, husband concluded his cross-examination of wife's expert witness, and wife resumed the stand to complete her testimony. Husband then cross-examined wife. During the course of his cross-examination, the court again warned husband twice that the trial would be over at 4:15 p.m. and that he needed to use his remaining time wisely. Husband continued his cross-examination (with no objections as to relevancy) until 4:15 p.m., when the court ordered wife to step down, told the parties that he would take the case under advisement pending a ruling and summarily ended the trial. There was no reason given, and none is apparent from the record, why the court did not schedule a later time when husband could complete the presentation of his case.

---

[1] The expert witness was a marriage and family counselor with the Marion County Court Services. At the trial court's request, he had performed a "Family Court Custody and Visitation Study." The witness had not yet filed his report, but had written a letter to the court recommending that custody be awarded to wife. Husband received a copy of the letter the morning of the trial. Although there had been prior proceedings in the case, the witness' testimony at the trial was the first time that the court and the parties heard details of the study and the expert witnesses' conclusions.

■■ A trial court, in the exercise of sound discretion, has the authority reasonably to control the presentation of evidence and the examination of witnesses. OEC 611(1). The exercise of that authority is reasonable only if it is fundamentally fair and allows opportunities for a reasonably complete presentation of evidence and argument. *See State ex rel Fulton v. Fulton*, 31 Or App 669, 672, 571 P2d 179 (1977). Absent a ruling that the evidence was (or would be) irrelevant or redundant, OEC 402, it was error for the trial court to deny husband the opportunity to complete his cross-examination and to present his case-in-chief.

Husband's other assignment of error requires no discussion.

Reversed and remanded. Costs to husband.