Submitted on the record October 25, decision of the Court of appeals reversed; judgment of the district court reversed, and case remanded to the district court for new trial December 8, 1994

# STATE OF OREGON,
*Respondent on Review,*

*v.*

# GORDON L. HOVIES,
*Petitioner on Review.*

## (DC 93T587697; CA A81085; SC S41406)

887 P2d 347

Gordon L. Hovies, petitioner, filed the petition *pro se*.

Richard D. Wasserman, Assistant Attorney General, Salem, filed the response for respondent. With him on the response were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

GILLETTE, J.

## GILLETTE, J.

In this traffic infraction case, the issue is whether the district court committed reversible error when it denied defendant the opportunity to cross-examine the only witness against him, an Oregon State Police Trooper. We conclude that it did.

On June 19, 1993, defendant received a traffic citation from Trooper Sheets for having an obstructed license plate and obstructed windows. Defendant chose to appear personally with respect to the charges. *See* ORS 153.540 (providing procedure).[1] Defendant pleaded guilty to the obstructed license plate charge; he contested the obstructed window charge.

Defendant represented himself in the traffic court proceedings.[2] At the trial on the obstructed window charge, after Sheets testified as to the events leading up to the citation, defendant told the trial judge that he wished to cross-examine Sheets. The judge replied, "[T]here is no cross-examination in traffic court." Defendant was not permitted to cross-examine Sheets. The district court found defendant guilty of having "obstructed vehicle windows" in violation of

---

[1] ORS 153.540 provides in relevant part:

"(1) The defendant shall appear in court at the time mentioned in the summons if the citation is for a major traffic offense.

"(2) In other cases, the defendant shall either appear in court at the time indicated in the summons, or prior to such time shall either:

"(a) Request a hearing; or

"(b) Deliver to the court the summons, together with check or money order in the amount of the bail set forth in the summons, and enclosing therewith: [a written statement of explanation or mitigation; or an executed waiver of appearance, and guilty plea.]

"(3) In any case in which the defendant personally appears in court at the time indicated in the summons, if the defendant desires to plead guilty and the judge accepts the plea, the judge shall hear any statement in explanation or mitigation that the defendant desires to make."

[2] In traffic court, if a defendant appears without representation, the district attorney may not participate in the trial. ORS 153.580 allows a defendant to bring counsel to traffic court, but requires that the court notify the district attorney of such representation. It states, in part:

"(2) At any trial involving a traffic infraction only, the district attorney may aid in preparing evidence and obtaining witnesses but shall not appear unless counsel for the defendant appears. The court shall insure that the district attorney is given timely notice if defense counsel is to appear at trial."

ORS 815.220. Defendant appealed *pro se* to the Court of Appeals asserting, among other things, that the trial court had erred in refusing to permit him to cross-examine the witness. The Court of Appeals affirmed without opinion. *State v. Hovies,* 128 Or App 60, 875 P2d 547 (1994). We allowed review and now reverse and remand the case to the district court for a new trial.

The obstructed window charge at issue is a Class C "traffic infraction." ORS 815.220(5). Traffic infractions are created by statute. The procedures by which those infractions are prosecuted also are created by statute. This court decides cases on subconstitutional grounds, where available, before reaching constitutional issues. *See Zockert v. Fanning,* 310 Or 514, 520, 800 P2d 743 (1990) (stating principle). Thus, and although defendant's arguments focus on constitutional requirements, we first turn to the relevant statutes to determine whether they accord to defendant the right that he claims.

A person accused of a traffic infraction has a statutory right to appear before a judge and to contest the charge. ORS 153.575. That statutory right to trial includes the right to require the state's witnesses to appear in person. ORS 153.575(5)(b). If the defendant does not wish to hire defense counsel, the statute protects the defendant from the unfair advantage that would be created by professional prosecution at trial. ORS 153.580(2). However, if a defendant wishes to have professional counsel present, the statute allows the defendant to do so. *Ibid.*

In deciding whether the district court erred in denying defendant the opportunity to cross-examine the only witness, we must determine whether the traffic infraction statutes provide a right to cross-examine witnesses in traffic court. "In interpreting a statute, the court's task is to discern the intent of the legislature." ORS 174.020; *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610, 859 P2d 1143 (1993). Our first level of analysis is to examine the text and context of the statute. *Id.* at 610-11.

ORS 153.575 provides a defendant in a traffic infraction case with the right to a trial before a judge (ORS 153.575(1)), time to prepare a defense (ORS 153.575(1)),

pre-trial discovery (ORS 153.575(3)), the right not to testify (ORS 153.575(4)), and, with certain exceptions not pertinent to this case, the right to confront state witnesses in person (ORS 153.575(5)). The traffic court is authorized by ORS 153.575(5) to accept affidavits into evidence "in lieu of taking the testimony orally and in court," but only if the defendant consents and signs a written waiver of the right "to have the testimony * * * presented orally in court." ORS 153.575-(5)(b). That is, oral testimony in court is the rule; testimony by affidavit is an exception, available only if the defendant consents.

The legislature has provided that, unless otherwise expressly provided by statute, the rules of criminal procedure will apply to traffic infraction proceedings.[3] Those rules in turn generally incorporate the civil rules of evidence.[4] That is, the Oregon rules of evidence apply in traffic infraction proceedings. Those rules of evidence, as stated in the Oregon Evidence Code, specifically provide for cross-examination of witnesses.[5] We conclude that, when read collectively, the

---

[3] ORS 153.505(3) provides:

"Except as ORS 153.525 and 153.595 and other statutes relating to a traffic infraction *otherwise expressly provide*, the criminal and criminal procedure laws of this state relating to a violation as described in ORS 161.505 and 161.565 apply with equal force and effect to a traffic infraction."

(Emphasis added.)

[4] ORS 136.430 provides:

"The law of evidence in civil actions is also the law of evidence in criminal actions and proceedings, *except as otherwise specifically provided* in the statutes relating to crimes and criminal procedure."

(Emphasis added.)

[5] OEC 607 provides:

"The credibility of a witness may be attacked *by any party*, including the party calling the witness."

(Emphasis added.)

OEC 611 provides:

"(1) The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to make the interrogation and presentation effective for the ascertainment of the truth, avoid needless consumption of time and protect witnesses from harassment or undue embarrassment.

"(2) Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness. The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination.

relevant statutes affirmatively authorize a defendant in a traffic infraction case to cross-examine the witnesses against him or her. The legislature did not expressly eliminate that right to cross-examination in the traffic infraction statutes themselves. Therefore, by the terms of ORS 153.505(3), that right, provided elsewhere in the statutes, applied to this case. The right to confront witnesses, recognized in ORS 153.575(5), includes the right to cross-examine those witnesses.

What the legislature granted, the trial court could not remove. Although a trial court may limit the right of cross-examination to the scope of direct examination and matters affecting credibility (OEC 611(2)), the court does not have the statutory power to extinguish that right altogether. The trial court's failure to accord the right of cross-examination to defendant was error.

■ The state really does not challenge defendant's right to cross-examine Sheets. Instead, it contends that the denial of this defendant's right was harmless error, because "[t]he questions he sought to ask * * * would not have constituted appropriate cross-examination." We agree that, although the right to cross-examine adverse witnesses is fundamental,[6] it is possible that there could be some unusual case in which the record affirmatively establishes that a denial of that right did not harm the party whose right was denied. This is not such a case, however.

Defendant gave the following description of the questions that he wanted to put to the officer:

"[DEFENDANT]: A question that I have to ask about is why is [Sheets] so concerned about the tinted windows? And I would like to know if he is concerned about safety? * * *

"* * * * *

---

"(3) Leading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness' testimony. Ordinarily leading questions should be permitted on cross-examination. When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions."

[6] *See, e.g., Best v. Tavenner*, 189 Or 46, 53, 218 P2d 471 (1950) ("It is axiomatic that a party against whom a witness is called has the right to cross-examine the latter.").

"[DEFENDANT]: Also. I would like to present to you. If you could tell me the difference from a distance which one of these is factory or after market [tint]? I don't know if you can tell the difference. Okay. I would like to ask too if the court knows what the difference between AS5, AS4, AS3, AS2, AS1 is? What does 70, 50, 35, and 20% mean? What the difference is between factory tint and after market tint is?

"* * * * *

"I also would like to show some other vehicles that have either obstruction, some form of obstruction. * * * and would like to know if [Sheets] knows whether or not these are factory or after-market tint.

"* * * * *

"* * * [T]he question I have to ask of [Sheets] is: Could he see in the vehicle? Could he see what was in the vehicle, from a distance or even up close? * * * and that's what the law reads, obstructed in — can see in and out of the vehicle * * *."

The state characterizes defendant's position as a challenge to the "policy underlying the statute prohibiting window tinting" and a "test" of the court's "technical knowledge about window tinting." The state claims that such questions were irrelevant. From that premise, the state argues that defendant's cross-examination, had it been permitted, would not have affected the traffic court's disposition. We think it clear from the foregoing quotations that the state's premise is flawed.

Although inarticulately stated, defendant's proposed questions *were* relevant to the proceeding. The first and last statements fairly can be construed as concerning whether the "material * * * prohibits or impairs the ability to see into or out of the vehicle." ORS 815.220(2) (standard for obstruction of windows). Defendant's other statements focused on the knowledge of the trooper regarding various "aftermarket" window tints. Defendant sought to show that the officer could not tell the difference between legal "factory tints" and defendant's "aftermarket tint." That line of inquiry relates to the officer's visual perception of what is legal (not too dark) and illegal (too dark) in the field.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it

would be without the evidence." OEC 401. The accuracy of the officer's visual perception was relevant here. *See, e.g., State v. Johanesen,* 319 Or 128, 135, 873 P2d 1065 (1994) ("Evidence helpful in evaluating the credibility of a witness is of consequence to the determination of the action."). The trial court's ruling was not harmless error.

The decision of the Court of Appeals is reversed. The judgment of the district court is reversed, and the case is remanded to the district court for a new trial.