Submitted April 26, affirmed September 21, 2016 petition for review denied
February 2, 2017 (360 Or 852)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHAWN LEE PRESOCK,
*Defendant-Appellant.*

Umatilla County Circuit Court
CF130777; A158073

380 P3d 1192

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett Allin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Keith L. Kutler, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

**SHORR, J.**

This case presents a single legal question for our consideration: whether a probationer has a due process right under the Fourteenth Amendment to the United States Constitution to review his probation file for potential mitigating evidence when the contents of that file are not being used as evidence against him in a proceeding to potentially revoke his probation. We conclude that the United States Supreme Court case law interpreting the Fourteenth Amendment in this context does not support the existence of such a right. As a result, we affirm the trial court's denial of defendant's motion to compel discovery of documents and information contained in defendant's probation file.

The facts giving rise to this appeal are straightforward and uncontested. Defendant pleaded guilty to one count of unauthorized use of a vehicle. The trial court convicted defendant and sentenced him to 18 months of probation subject to all general conditions of probation set forth in ORS 137.540.[1] It further ordered that "any violation of probation may result in revocation, and revocation shall result in imposition of the presumptive sentence," which included a 36-month prison term.

Several months after defendant's plea, the state filed a motion and order to show cause why defendant's probation should not be revoked. The state claimed that defendant violated various general conditions of probation, including conditions that defendant (1) not use controlled substances, (2) participate in substance abuse evaluation, and (3) report and abide by the directions of his supervising officer. The state further recommended that, should the court find that defendant violated his general conditions of probation, defendant should be sentenced to the presumptive sentence.

The state later moved to amend its original motion and order to show cause why defendant's probation should not be revoked. It listed additional instances of claimed

---

[1] ORS 137.540 has been amended since defendant's initial sentencing; however, because those amendments do not affect our analysis, we refer to the current version of the statute in this opinion.

violations of the same general conditions of probation noted above; it also claimed that defendant violated a general condition of probation that required that he "[o]bey all laws." The state did not attach or include any portion of defendant's actual probation file as part of its motion to revoke defendant's probation, but relied instead on the affidavit statements of defendant's probation officer.

Defendant then moved to compel the state to produce and disclose to him, among other things, "favorable information" located within defendant's probation file and other documents and information from that file. The trial court denied defendant's motion to compel the state to produce the probation file with the exception that, if the state intended to use the file as evidence at the probation revocation hearing, it would then have to produce certain exculpatory and inculpatory portions of the file. Ultimately, the state did not use defendant's probation file as evidence in the probation revocation proceeding. Rather, the probation officer testified at the probation revocation hearing, consistent with her prior affidavit statements, regarding defendant's probation violations.[2] Accordingly and consistent with the trial court's order, the state did not produce any portions of defendant's probation file either before or at the hearing. After the presentation of evidence at the probation revocation hearing, the trial court revoked defendant's probation and sentenced him to the presumptive sentence of 36 months' imprisonment and 36 months' post-prison supervision.[3]

Defendant argues that he had a due process right under the Fourteenth Amendment[4] to review his probation file during the probation revocation proceeding. He argues that he was prejudiced by the state's denial of that right

_____

[2] The state, without objection from defendant, also presented a copy of defendant's failed urinalysis into evidence at the hearing. Defendant does not argue on appeal that there were any discovery or evidentiary violations with respect to that or any other exhibit presented at the hearing.

[3] In response to a motion by defendant, the trial court recently amended defendant's judgment pursuant to ORS 138.083. The trial court reduced defendant's term of post-prison supervision to 24 months. That amendment does not affect our analysis.

[4] The Fourteenth Amendment provides, in relevant part, "No state shall * * * deprive any person of life, liberty or property, without due process of law * * *."

because his arguments on several mitigating factors at his probation revocation proceeding "would have been more convincing if supported by documentation from the probation file."

Whether a defendant was denied due process in a probation revocation proceeding is a legal question that we review for errors of law. *State v. Harris*, 260 Or App 154, 157, 316 P3d 405 (2013). Based on our reading of both the United States Supreme Court case law interpreting and applying the Fourteenth Amendment in similar circumstances and persuasive federal circuit court cases applying that law to the circumstances at issue here, we conclude that the trial court did not err in denying defendant's request to compel production of his probation file, and defendant was not denied due process as a result.

The United States Supreme Court has concluded that a parole revocation proceeding "is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Morrissey v. Brewer*, 408 US 471, 480, 92 S Ct 2593, 33 L Ed 2d 484 (1972). While a parole revocation proceeding is not a criminal prosecution, it is part of a proceeding that may result in loss of liberty. *Id.* at 482. As a result, individuals in such proceedings are "within the protection of the Fourteenth Amendment" and some measure of process is due. *Id.*; *see also State v. Johnson*, 221 Or App 394, 400-01, 190 P3d 455, *rev den*, 345 Or 418 (2008) (stating that "[l]ess process is due at a revocation hearing than during a criminal trial").

The Court concluded that the minimum process due to parolees faced with possible parole revocation includes:

"(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; *(c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)*; (e) a 'neutral and detached' hearing body[;] * * * and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole."

*Morrissey,* 408 US at 489 (emphasis added). The Court later concluded that those rights applied equally to probation revocation proceedings. *Gagnon v. Scarpelli,* 411 US 778, 782, 93 S Ct 1756, 36 L Ed 2d 656 (1973). It held that a "probationer, like a parolee, is entitled to a preliminary and a final revocation hearing, under the conditions specified in *Morrisey v. Brewer.*" *Id.*

The question before us is whether the minimum due process rights enumerated above include the right of probationers to seek discovery from the state of their entire probation file in advance of the probation revocation proceeding. As stated at the outset of this opinion, the Court has not concluded that such a due process right extends to probationers. We conclude that it does not.

While the Court specifically enumerated a parolee or probationer's right, among other rights at a revocation proceeding, to be heard, present witnesses and documentary evidence, and confront and cross-examine adverse witnesses, it did not expressly conclude that due process provides a probationer with a right to discovery of the state's documents. *Morrissey,* 408 US at 489. The Court clearly could have expressly found a right to discovery when enumerating the several specific rights, but did not do so. It only required disclosure of the "evidence against" the probationer. *Id.*

Nor do we believe that the Court implied such a discovery right by providing the express right to "confront and cross-examine adverse witnesses." *Id.* Even as to the fundamental due process confrontation right, the Court concluded that such a right might be restricted in certain circumstances for "good cause." *Id.* Thus, even the due process confrontation right is not without potential limits in a probation revocation proceeding. *See, e.g., Johnson,* 221 Or App at 404-05 (holding, following application of a four-part balancing test, that the admission of hearsay evidence in a probation revocation proceeding did not violate the probationer's Fourteenth Amendment due process confrontation rights). We conclude that the probationer's right to confront and cross-examine adverse witnesses at a probation revocation hearing does not imply the probationer's right to

discovery of the state's documents in advance of that hearing, except for the right to review those documents that the state will use *as evidence* at the hearing.

At least two federal circuit courts, applying the United States Supreme Court precedent discussed above, have similarly concluded that probationers have no due process right to discovery in connection with a probation revocation hearing except to the extent that they have the right to review the evidence to be used against them. *United States v. Tham*, 884 F2d 1262, 1265 (9th Cir 1989); *United States v. Neal*, 512 F3d 427, 436 (7th Cir 2008). In *Tham*, the Ninth Circuit concluded that the probationer was not denied due process when he was denied the opportunity to review his probation file because that file was not used as evidence against him and he was "provided the opportunity to cross-examine all the witnesses, including his probation officer." 884 F2d at 1265.

The trial court did not err in denying defendant's motion to compel production of his probation file. Defendant's due process rights under the Fourteenth Amendment were not violated when he was denied discovery of his probation file when that file was not used as evidence against him at the probation revocation hearing.

Affirmed.