Argued and submitted June 29; convictions on Counts 4, 5, and 6 reversed and remanded, remanded for resentencing, otherwise affirmed November 4, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JENNIFER ELAINE PIERCE,
*Defendant-Appellant.*

Marion County Circuit Court
17CR82168; A169708

477 P3d 437

Defendant appeals a judgment of conviction for second-degree disorderly conduct, ORS 166.025 (Count 3); attempted assault of a public safety officer, ORS 161.405 and ORS 163.208 (Count 4); harassment, ORS 166.605 (Count 5); and resisting arrest, ORS 162.315 (Count 6). Defendant argues that the trial court abused its discretion when it prevented defendant from retaking the stand to testify in her own defense about the incident underlying Counts 4, 5, and 6. The state argues that the trial court acted within its discretion to control courtroom proceedings. *Held*: The trial court abused its discretion when it prevented defendant from retaking the stand because it did not allow defendant an opportunity to make a reasonably complete presentation of her evidence and arguments and created a fundamental unfairness.

Convictions on Counts 4, 5, and 6 reversed and remanded; remanded for resentencing; otherwise affirmed.

Mary Mertens James, Judge.

Matthew Blythe, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Beth Andrews, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

TOOKEY, J.

Convictions on Counts 4, 5, and 6 reversed and remanded; remanded for resentencing; otherwise affirmed.

**TOOKEY, J.**

Defendant appeals a judgment of conviction for second-degree disorderly conduct, ORS 166.025 (Count 3); attempted assault of a public safety officer, ORS 161.405, ORS 163.208 (Count 4); harassment, ORS 166.065 (Count 5); and resisting arrest, ORS 162.315 (Count 6). In her first assignment of error, defendant argues that the trial court erred by preventing defendant from retaking the stand to testify about the incident underlying Counts 4, 5, and 6. As explained below, we conclude that the trial court abused its discretion by preventing defendant from testifying about that incident. Accordingly, we reverse and remand defendant's convictions on Counts 4, 5, and 6, remand for resentencing, and otherwise affirm.[1]

The relevant facts are undisputed. The state charged defendant based on her alleged conduct during two separate incidents. The first incident occurred in October 2017 and involved an altercation between defendant and other individuals outside a convenience store. Based on the first incident, the state charged defendant with, among other offenses, second-degree disorderly conduct (Count 3). The second incident occurred on Thanksgiving Day 2017 and involved defendant's alleged altercation with police, who had been called to the scene when defendant and others had gathered outside a residential garage and refused to move aside when the resident approached in a car. Based on the second incident, the state charged defendant with attempted assault of a public safety officer (Count 4), harassment (Count 5), and resisting arrest (Count 6). Defendant's trial lasted less than a full day; proceedings began at 9:55 a.m. and ended at 3:06 p.m.

During defendant's opening statement at trial, defense counsel explained that "there are two separate incidents in this case. One happened in October and the other happened on Thanksgiving Day last year." Defense counsel then summarized the substance of defendant's expected

---

[1] Defendant raises three assignments of error. We write to address only defendant's first assignment of error. We reject defendant's second and third assignments of error without discussion.

testimony as to the second incident, explaining that defendant intended to deny culpability for the charged conduct:

"The second incident, that happened on Thanksgiving day
***.

"*****

"[Defendant] will testify that the next thing she knows, she's on the ground, tackled by [an officer]. ***. *** she remembers her pants almost coming off and her struggling and yelling and screaming.

"And she didn't hit the officer. At least not intentionally. If anything, maybe some reaction to the tackle. She did not resist the officer's attempt to arrest her.

"So we're going to ask you to listen to all the evidence and *** return a verdict of not guilty for both incidents."

During its case-in-chief, the state called three witnesses on its behalf to testify about the second incident: Dewoina, the resident whose driveway defendant allegedly blocked; Officer Fultz, whom defendant allegedly assaulted; and Officer Ruddell, who corroborated Fultz's testimony. After the state finished its case-in-chief, defense counsel called defendant as a witness and examined her about the first incident. After the state cross-examined defendant about the first incident, the following exchange took place:

"The Court:  Do you have any further questions?

"[Prosecutor]:  I don't have any further questions, Your Honor.

"The Court:  Any further questions?

"[Defense Counsel]:  No, Your Honor.

"The Court:  Okay. Thank you. There's water back here, but—

"[Defendant]:  Thanks.

"The Court:  —you may take your seat.

"[Defense Counsel]:  I'm sorry, Your Honor, I did. I have further questions about the second incident. I'm sorry.

"The Court:  No, you're done. Sorry. You didn't ask any questions about that. It wasn't covered on cross. Okay. Does State have any rebuttal?

"[Prosecutor]:   No, Your Honor.

"The Court:   All right. Okay. At this time, ladies and gentlemen, we'll hear closing arguments. \*\*\*."

The jury eventually returned a guilty verdict as to Counts 3, 4, 5, and 6, after which the court sentenced defendant.[2]

On appeal, defendant argues that the trial court abused its discretion by preventing defendant from retaking the stand to testify about the second incident. Defendant contends that, "[a]lthough the trial court had discretion to control the mode and order of presentation of evidence, that discretion was circumscribed by defendant's constitutional and statutory rights to testify in her own defense and present evidence favorable to that defense." The state responds by arguing that "the trial court acted within its discretion to control courtroom proceedings and prevent defendant from re-taking the stand."[3]

"[W]e review the court's exercise of control over the presentation of evidence and the examination of witnesses for abuse of discretion." *Daves v. Kohan*, 282 Or App 243, 244, 385 P3d 1161 (2016), *rev den*, 361 Or 439 (2017) (citing *Howell-Hooyman and Hooyman*, 113 Or App 548, 550, 833 P2d 328 (1992)). Under OEC 611(1), it is within a trial court's discretion to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to make the interrogation and presentation effective for the ascertainment of the truth, avoid needless consumption of time and protect witnesses from harassment[.]" *See also Dominguez and Fields*, 286 Or App 504, 509, 399 P3d 472 (2017) (citing OEC 611(1) for the proposition that "[a] trial court may, in the exercise of sound discretion, reasonably control the presentation of evidence, the examination of witnesses, and the progress of trial"). "The exercise of that authority is reasonable only if it is fundamentally fair and allows opportunities for a reasonably complete presentation

---

[2] As a result of the first incident, defendant was also charged with attempted third-degree assault, ORS 161.405, ORS 163.165 (Count 1); and harassment, ORS 166.065 (Count 2). Defendant was acquitted of Counts 1 and 2.

[3] We note that the state also contends that defendant's arguments are unpreserved, and that defendant's failure to make a formal offer of proof rendered any error harmless; we reject those contentions without discussion.

of evidence and argument." *Howell-Hooyman*, 113 Or App at 551 (referring to trial court's discretion under OEC 611(1)); *see also Dominguez*, 286 Or App at 509-10 ("To be reasonable, however, the court's exercise of that authority must be fundamentally fair, meaning * * * that the court must allow each party the opportunity for a reasonably complete presentation of evidence and argument."). Importantly, "although a trial court has considerable discretion in managing the parties' use of available court time, the court may not exercise that discretion so as to effectively prevent a party from presenting his or her case." *Id.* at 510.

As noted above, defendant argues that the trial court abused its discretion by preventing defendant from retaking the stand to testify about the incident underlying Counts 4, 5, and 6. We agree with defendant.

In this case, the trial court abused its discretion because it did not allow defendant an opportunity to make a reasonably complete presentation of her evidence and arguments following her defense counsel's oversight in not conducting a complete examination. *See* Thomas A. Mauet, *Trial Techniques*, 113 (7th ed 2007) (noting "overall purpose" of direct examination "is to give the jury a clear understanding of the events involved"). Fully half of the charges at trial were based on the second incident. During defendant's opening statement, defense counsel explained that defendant planned to testify about the second incident and deny culpability for the charged conduct. Defendant was to be the sole witness testifying on her behalf about the second incident. The state, on the other hand, called several witnesses to testify on its behalf about defendant's conduct during the second incident. By preventing defendant from retaking the stand to testify about the second incident—that is, by preventing defendant from testifying as to her version of events—the trial court ensured that the jury heard only the state's evidence about the second incident. That circumstance prevented a reasonably complete presentation of defendant's case and created a fundamental unfairness.

Moreover, one aim of OEC 611(1) is "the ascertainment of the truth." In this case, by preventing defendant from retaking the stand, we believe the trial court exercised

its discretion in a way that impeded, rather than achieved, the ascertainment of truth. Additionally, we note that the state does not argue, and the record does not indicate, that preventing defendant from retaking the stand to testify about the second incident furthered the other aims of OEC 611(1)—*viz.*, protecting witnesses from harassment and avoiding needless consumption of time. Indeed, defendant's trial lasted less than a full day.

As noted above, defense counsel did not conduct a complete direct examination; he did not ask defendant any questions about the second incident, which was an integral part of the defense. But in light of the broader principles involved in this case—fundamental fairness, the ascertainment of truth, and defendant's ability to testify in her own defense—and the timing of the request to ask additional questions, we conclude that the trial court abused its discretion when it denied defendant's request to testify about the second incident. Accordingly, we reverse and remand defendant's convictions for Counts 4, 5, and 6, remand for resentencing, and we otherwise affirm.

Convictions on Counts 4, 5, and 6 reversed and remanded; remanded for resentencing; otherwise affirmed.