Submitted December 7, 2022, affirmed July 6, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RAY LOREN ROCKAFELLOR II,
*Defendant-Appellant.*

Hood River County Circuit Court
19CR18975, 19CR18981;
A176458 (Control), A176459

533 P3d 753

In this consolidated criminal appeal, defendant appeals from two judgments that together convicted him of one count of driving under the influence of intoxicants, ORS 813.010(4), and one count of resisting arrest, ORS 162.315. During the trial, the trial court ordered defendant, as well as all other individuals in the courtroom who did not provide proof of their vaccination against COVID-19, to wear a protective face mask except while testifying. Defendant contends that that order was an abuse of discretion and violated defendant's rights under Article I, section 11, of the Oregon Constitution and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. *Held*: The trial court did not violate defendant's right to confront the witnesses against him or his right to a fair trial free of visible restraints when it ordered defendant and other courtroom occupants to wear a protective face mask unless they presented proof of their vaccination status or were testifying behind a clear divider. The order applied to all courtroom occupants equally, meaning that defendant was not subject to an inherently prejudicial physical restraint. Defendant presented no argument that his right to a fair trial was actually prejudiced by the court's order. As a result, the trial court did not err or abuse its discretion in issuing and enforcing the order.

Affirmed.

John A. Olson, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

## SHORR, P. J.

In this consolidated criminal appeal, defendant appeals from two judgments that together convicted him of one count of driving under the influence of intoxicants, ORS 813.010(4), and one count of resisting arrest, ORS 162.315. Defendant contends that the trial court abused its discretion and violated defendant's rights under Article I, section 11, of the Oregon Constitution and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, when it ordered defendant, as well as all other individuals in the courtroom who did not provide proof of their vaccination against COVID-19, to wear a protective face mask during trial except while testifying. We conclude that the trial court did not abuse its discretion or violate defendant's constitutional rights and therefore affirm.

The relevant facts are purely procedural. Defendant was charged with driving under the influence of intoxicants and resisting arrest in two separate cases stemming from the same incident. As defendant proceeded to a consolidated jury trial in June 2021, defendant filed a "motion for constitutional trial procedures," in which he requested that the "court state trial court procedures on the record or in writing in advance of trial," requested that "all witnesses be barred from wearing facial coverings that bar full view of facial expressions," and requested supplemental introductory jury instructions. The trial court responded with a letter informing defendant of the "trial protocol the court will be employing to ensure a fair trial that is also safe for all the participants" in light of the ongoing COVID-19 pandemic. That letter specified certain social distancing and masking requirements that would be followed, including that "[Centers for Disease Control and Prevention (CDC)] guidelines" would be followed "regarding masks," that "[a]nyone providing proof of completed vaccination will be permitted but not required to remove their mask," and that "[w]itnesses will testify behind a clear divider from the witness chair but will not wear a mask while testifying." Those measures were consistent with Chief Justice Order (CJO) No. 21-016 (May 25, 2021), which was in effect at the time of trial and which required the use of protective face masks in

Oregon courts with only certain delineated exceptions, one of which being that a judge was permitted to allow "fully vaccinated participants to remove their protective face coverings during the proceeding, provided that the judge both requests and reviews proof of fully vaccinated status of any such participant." CJO No. 21-016, ¶ 4(a)(1).[1]

On the morning of trial, defendant moved *in limine* "asking although [defendant is] not vaccinated if he'd be allowed to not wear a mask during his trial." Defendant cited *State v. Schroeder*, 62 Or App 331, 661 P2d 111, *rev den*, 295 Or 161 (1983), analogized the court's mask requirement to shackling, and contended that the issue presented "a due process question." Defendant also argued that the court's mask requirement "poses some Confrontation Clause issues" under both the state and federal constitutions, positing that the masking requirement would prevent him from meeting his accusers "face to face." Defense counsel added that defendant had "passed a COVID test *** yesterday." The state responded that defendant's right to confront witnesses would not be impeded by the masking requirement and contended that masking was not analogous to shackling. Nevertheless, the state conceded that it was not "familiar with the actual Oregon or even federal guidelines right now, or rules in place in terms of being masked," and that "without knowing the full rules either I—I can't object, but I'm not going to take a position at this point."

The trial court denied defendant's request for an exception from the masking requirement for unvaccinated individuals, stating that "[m]y understanding of the current CDC guidelines is that it's recommended that persons who are unvaccinated continue to wear masks, persons that are vaccinated are not required to wear masks. We're going to follow the guidelines." As to defendant's shackling arguments, the court concluded that there was nothing "about wearing a mask that is the least bit stigmatizing in the current society," that masking was "completely innocuous under current culture," and that it bore "no relation to" shackling. The court noted that the attorneys, jurors, and court would

---

[1] The CJO is available at https://www.courts.oregon.gov/Documents/CJO_2021-016.pdf (accessed June 27, 2023).

all be wearing masks unless they both presented proof of vaccination and chose to remove their mask. Finally, as to defendant's confrontation arguments, the court concluded that masking did not "prevent a person from seeing the witnesses against them and hearing their testimony and being present with them." The court reiterated that, should defendant choose to testify, he would not "be required to wear a mask during his testimony."

A jury was subsequently empaneled and heard the evidence presented. After the state rested its case, the trial court noted for the record that both lawyers and two jurors had worn masks for the duration of the one-day trial thus far, which the court believed supported its "supposition that [masking is] not stigmatizing." The jury returned guilty verdicts on both counts, the court entered judgments of conviction, and this timely appeal followed.

As explained above, defendant assigns error to the trial court's order requiring defendant to wear a protective face mask during trial except when testifying, contending that the masking requirement "infringed upon defendant's constitutional rights and was not justified based on the record in this case." Whether a defendant was denied his constitutional rights to confrontation and a fair trial are legal questions that we review for errors of law. *State v. Martin*, 370 Or 653, 657-58, 522 P3d 841 (2022) (reviewing alleged violation of confrontation rights for errors of law); *State v. Presock*, 281 Or App 277, 280, 380 P3d 1192 (2016), *rev den*, 360 Or 852 (2017) (reviewing alleged violation of due process rights for errors of law). However, when such rights are not implicated, we review a trial court's exercise of control over courtroom proceedings for abuse of discretion. *See State v. Pierce*, 307 Or App 429, 432, 477 P3d 437 (2020) (reviewing trial court's control over the presentation of evidence and examination of witnesses for abuse of discretion); *see also State v. Washington*, 355 Or 612, 629, 330 P3d 596, *cert den*, 574 US 1016 (2014) (reviewing trial court's order requiring that a defendant be physically restrained for purposes of courtroom security for abuse of discretion). Under those standards, we first review the court's ruling without deference to determine whether the law was applied correctly. If application of the correct legal principles leads

to more than one correct outcome, we then consider whether the trial court's decision was within the range of legally correct discretionary choices and produced a legally correct outcome. *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000). If so, the trial court did not abuse its discretion. *Id.*

Defendant raises two distinct arguments—first, that the court's masking requirement violated his right to face-to-face confrontation under Article I, section 11, and the Sixth Amendment, and second, that the masking requirement violated his right to appear without visible restraints under Article I, section 11, and the Fifth and Fourteenth Amendments. The parties contend that defendant's state and federal rights are indistinguishable, and thus do not offer differentiated arguments as to those separate authorities. We agree and proceed in the same fashion.

We first consider defendant's confrontation rights—under Article I, section 11, the right "to meet the witnesses face to face," and under the Sixth Amendment, the right "to be confronted with the witnesses against him." The central purpose of confrontation is "to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact." *Maryland v. Craig*, 497 US 836, 845, 110 S Ct 3157, 111 L Ed 2d 666 (1990). As the United States Supreme Court noted in its earliest case considering the Confrontation Clause, the primary object of the provision was

> "to prevent depositions or *ex parte* affidavits, such as were sometimes admitted in civil cases, being used against the prisoner in lieu of a personal examination and cross-examination of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief."

*Mattox v. United States*, 156 US 237, 242-43, 15 S Ct 337, 39 L Ed 409 (1895). Confrontation combines four separate elements—physical presence, oath, cross-examination, and

observation of demeanor by the trier of fact—which together ensure that evidence admitted against a criminal defendant is "reliable and subject to *** rigorous adversarial testing." *Craig*, 497 US at 846; *see also Kirby v. United States*, 174 US 47, 55, 19 S Ct 574, 43 L Ed 890 (1899) (similarly describing confrontation as ensuring evidence is established by "witnesses who confront [the defendant] at the trial, upon whom he can look while being tried, whom he is entitled to cross-examine, and whose testimony he may impeach"). Those elements also ensure a fair trial and the integrity of the fact-finding process. *Coy v. Iowa*, 487 US 1012, 1019-20, 108 S Ct 2798, 101 L Ed 2d 857 (1988).

However, face-to-face confrontation is still not the "*sine qua non* of the confrontation right." *Craig*, 497 US at 847. In certain "narrow circumstances," competing interests may warrant "dispensing with confrontation at trial." *Id*. at 848. In other words, "precedents establish that the Confrontation Clause reflects a *preference* for face-to-face confrontation at trial, a preference that must occasionally give way to considerations of public policy and the necessities of the case." *Id*. at 849 (internal quotation marks and citation omitted, emphasis in original). Specifically, a defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial "where denial of such confrontation is necessary to further an important public policy" and "where the reliability of the testimony is otherwise assured." *Id*. at 850. Indeed, a declarant's otherwise reliable hearsay statements have survived Confrontation Clause challenges despite the fact that the declarant is not testifying in court. *Id*. at 847-48.

We conclude that the circumstances here, in which all courtroom participants including defendant were required to wear a protective face mask if they did not provide the court with proof of vaccination against COVID-19, with the exception that all witnesses were ordered to remove their masks while testifying, did not impede defendant's rights to confront the witnesses against him under Article I, section 11, or the Sixth Amendment. As explained above, confrontation is primarily concerned with ensuring the reliability of evidence offered by witnesses, and ensuring that a defendant

and jury have adequate access to witnesses. *Craig*, 497 US at 845; *Mattox*, 156 US at 242-43. Here, the witnesses who testified against defendant did so in his presence and in the presence of the jury, where they were under oath and subject to cross-examination. No element of the right to confrontation promises the defendant that his entire face will be literally seen or requires the witness or others to observe the same. In short, the defendant's right to confrontation does not require that defendant be unmasked in the courtroom. *See also United States v. Tagliaferro*, 531 F Supp 3d 844, 849-50 (SDNY 2021) (similarly concluding that requiring a criminal defendant to wear a protective face mask did not violate his right to physical confrontation).

Thus, we move to defendant's argument that the trial court's order requiring him to wear a protective face mask during trial except when testifying was akin to a physical restraint visible to the jury that violated his rights under Article I, section 11, and the Fifth and Fourteenth Amendments. In defendant's view, the court's order requiring him to wear a mask conveyed to the jury that defendant was a "potential vector of sickness," thus prejudicing him.

Both the state and federal constitutions prohibit prejudicial security measures such as visibly shackling or otherwise physically restraining a criminal defendant during a jury trial unless doing so is justified by an essential state interest. *Deck v. Missouri*, 544 US 622, 629, 125 S Ct 2007, 161 L Ed 2d 953 (2005); *State v. Guzek*, 358 Or 251, 263, 363 P3d 480 (2015), *cert den*, 580 US 1121 (2017). That requirement rests on the understanding that "inherently prejudicial" measures like visible shackling "undermine[] the presumption of innocence and the related fairness of the fact-finding process." *Deck*, 544 US at 630; *see also Washington*, 355 Or at 628 ("the use of physical restraints can impinge on the presumption of innocence to which a defendant is entitled and may also impair a defendant's ability to participate in his or her defense, such as by consulting with counsel or by taking the stand as a witness"). In other words, the right is intended to ensure that the defendant is afforded the presumption of innocence and a fair trial, and may be implicated by practices that "single out the accused

from everyone else in the courtroom." *Holbrook v. Flynn*, 475 US 560, 567, 106 S Ct 1340, 89 L Ed 2d 525 (1986).

When an inherently prejudicial security measure is at issue, a trial court must make a determination that such restraints are justified by a state interest specific to that particular trial. *Deck*, 544 US at 629; *Washington*, 355 Or at 628 (requiring court to hold a hearing for that purpose where it must receive evidence from both parties before making "a record of its factual findings and reasoning in support of its order"). If such findings are not made, or where the order lacks adequate justification, "the defendant need not demonstrate actual prejudice to make out a due process violation"—instead, "the State must prove beyond a reasonable doubt that the shackling error complained of did not contribute to the verdict obtained." *Deck*, 544 US at 635 (internal quotation marks and brackets omitted); *see also Washington*, 355 Or at 629 (reviewing similar security measure orders for abuse of discretion).

Both state and federal case law have been clear, however, that only some security measures are "inherently prejudicial" such that they create an unacceptable risk that the jury will consider "impermissible factors" in making its ultimate determination. *Flynn*, 475 US at 570. For instance, in *Flynn*, the deployment of security personnel in the courtroom—specifically, four officers quietly sitting in the first row of the courtroom's spectator section—was not inherently prejudicial, in part because "the presence of guards at a defendant's trial need not be interpreted as a sign that he is particularly dangerous or culpable." *Id.* at 569. Where the protective measure is not inherently prejudicial, the defendant must show actual prejudice as a result of the measure. *Id.* at 572. Under those circumstances, the "defendant bears the burden of establishing that the trial court abused its discretion in adopting the security measures that it did." *Washington*, 355 Or at 650.

Here, we do not see a basis to conclude that the court's order regarding protective face masks, which applied not only to defendant but to all courtroom participants equally, singled out defendant in a way that undermined the presumption of innocence or defendant's right to a fair trial.

The order required all courtroom participants to wear a protective face mask throughout the trial unless they provided the court with proof of their vaccination against COVID-19. The only exception to the court's order was the requirement that witnesses remove any mask while testifying behind a clear divider. Those protective measures were fully consistent with the requirements of CJO No. 2021-016 and were not inherently prejudicial to defendant. As the trial court noted for the record, other courtroom participants also wore masks, including both attorneys and two of the six jurors. Within that context, the fact that defendant wore a face mask except when testifying did not necessarily communicate to the jury that defendant specifically was a danger to the community—instead, the jury could have made any number of inferences about defendant's mask-wearing, or none at all. And, because the court's order permitted those who were vaccinated to continue to wear a protective face mask if they chose to do so, we do not agree with defendant's argument that the court's order necessarily communicated to the jury that he was unvaccinated or that he was particularly dangerous. Thus, because the court's face mask order was not inherently prejudicial towards defendant, defendant bears the burden to establish that he was actually prejudiced by the order. But defendant does not point us to any evidence of actual prejudice as a result of the face mask order, and we see no evidence of such prejudice on this record. The jury received the usual instructions regarding the presumption of innocence, the proof-beyond-a-reasonable-doubt requirement, and their duty to decide the case based on the evidence, rather than bias or prejudice. Absent some evidence of actual prejudice, we must presume that the jurors followed those instructions. *See State v. Smith*, 310 Or 1, 26, 791 P2d 836 (1990) ("jurors are assumed to have followed their instructions, absent an overwhelming probability that they would be unable to do so").

In conclusion, the trial court did not violate defendant's right to confront the witnesses against him or his right to a fair trial free of visible restraints when it ordered defendant and other courtroom occupants to wear a protective face mask throughout trial unless they presented the court with proof of their vaccination against COVID-19 or

were testifying behind a clear divider. Further, the order applied to all courtroom occupants equally, meaning that defendant was not subject to an inherently prejudicial physical restraint. Defendant presents no argument that his right to a fair trial was actually prejudiced by the court's order. As a result, the trial court did not err or abuse its discretion in issuing and enforcing the order.

Affirmed.